## Court of Appeals.

### Oct. 4, 1898.

## PEOPLE v. LIVINGSTON SICKLES.

**1. Second offense—Indictment.**

The indictment of the person accused of being a second offender must bring the case within the statute, by setting forth the facts depended upon for the imposition of the severer punishment prescribed by the Penal Code

**2. Same.**

In the absence of some statutory provision permitting it, the defendant cannot plead in part, and thus restrict the issue and the proof to be offered under the indictment.

**3. Same—Proof.**

Until legislation has changed the rule, it is essential that the prior conviction be proved by the people as a part of the case against the prisoner.

**4. Same—Ingredient.**

Where an increased punishment is prescribed by the statute upon conviction for a second offense, the prior conviction enters as an ingredient into the criminality of the prisoner, not that the fact of the prior conviction tends, in any wise, to prove the commission of the second offense, but that it aggravates the guilt of the prisoner and, as a hardened or unreformed criminal, subjects him to an increased punishment for the repeated crime.

**5. SAME—SECTION 688 OF PENAL CODE.**

Section 688 of the Penal Code does not conflict with, and destroy. the presumption of innocence, to which he is entitled under the law, and deprive him of his liberty without that due process of law which is guarantied by the Constitution to every citizen.

**6. SAME—CONSTITUTIONAL LAW.**

In enacting that, upon a conviction for a second offense, the punishment shall be one of greater severity, the legislature has acted in accordance with the dictates of a wise policy and has invaded no constitutional right.

APPEAL from a judgment of appellate division affirming the judgment of conviction.

Martin W Littleton, for appellant.

Robert H. Elder, for the People.

GRAY, J.—The defendant was indicted for the crime of robbery in the first degree, as a second offense, and, on being arraigned, entered a plea of not guilty. He was tried and found guilty by the verdict of a jury, and, upon appeal, the judgment of conviction was affirmed by the appellate division. When the trial was moved, and before the jury was impaneled, the defendant admitted his former conviction, and he thereafter sought to have evidence thereof excluded. His objection to such evidence was overruled, and the exception taken to the ruling raises the question presented now for our review.

I think there was no error in the ruling. The prevailing opinion below, by Mr. Justice Cullen, has very ably discussed the question involved, and leaves little to be said. Indeed, the question may be regarded as practically settled upon the authority of certain decisions of this court.

The argument against the correctness of the ruling, in substance, is twofold. In the first place, it is argued that a correct construction of section 688 of the Penal Code, which provides for an increased penalty where there is the commission of a crime after a previous conviction of the offender, only authorizes the introduction of the evidence of such former conviction after the jury has found the defendant guilty of the crime for which

he is being tried. In the second place, it is argued that if such a construction be not given and such evidence is made admissible as a part of the case against the prisoner, then certain rights secured to him by the Constitution and laws of the state are invaded, in that he is deprived of his liberty without due process of law, and is not given the benefit of the presumption of innocence.

The first of these positions is taken upon the language of the section, which reads that " a person, who, after having been convicted within this state, of a felony,  *  *  *  commits any crime, within this state, is punishable upon conviction of such second offense, as follows," etc. It is argued that the words "upon conviction of such second offense," warrant the view that it was not intended that the fact of the former conviction should be used by the prosecution until after the defendant has been found guilty of the offense for which he is being tried. The statute in question is not dealing with, nor regulating criminal procedure, but is declaring the enhanced penalty which a subsequent offender against the laws of the state will incur upon conviction. When the people present a case under its provisions, the procedure to establish it is governed by the provisions of the Code of Criminal Procedure. The indictment of the person accused of being a second offender must bring the case within the statute by setting forth the facts depended upon for the imposition of the severer punishment prescribed by the Penal Code. People v. Powers, 6. N. Y. 50 ; Wood v. People, 53 N. Y. 511 ; Johnson v. People, 55 N. Y. 512. This is necessary in penal proceedings, in order that the defendant may be clearly informed of the charge which he is called upon to meet. The Code of Criminal Procedure requires it, and it is in accord with all just penal legislation. In such a case as this, the charge is not merely that the prisoner has committed the offense specifically described, but that, as a former convict, his second offense has subjected him to an enhanced penalty. In Wood v. People, supra, it was held that it was an essential ingredient of the aggravated offense, charged upon the accused, that the alleged felony was committed after a former conviction of an offense, and that the prior conviction entered

into and made a part of the offense of which the accused was convicted. Judge Allen observed that, "when the statute describes the offense, the proof, as well as the allegations of the indictment, must bring the case within the statute.    *    *    * The defendant should be brought within all the material words of the statute, as well by the proof as by the indictment." In Johnson v. People, supra, is was said that, as "a more severe penalty is denounced by the statute for a second offense, all the facts to bring the case within the statute must be established upon the trial." Section 388 of the Code of Criminal Procedure, in prescribing the order of procedure upon trial, provides that the prosecution "must open the case and offer.the evidence in support of the indictment."

The objection of the appellant is aimed at the procedure by which the people established the charge and made a case under the Penal Code, but the statute and the cases seem conclusive upon the question of the proof required of the prosecution. It is not easy to see how, in the absence of some statutory provision permitting it, the defendant can plead in part, and thus restrict the issue and the proof to be offered under the indictment. His admission of the former conviction, if made upon the trial, before the jury, may render evidence thereof unnecessary to be giving; but whether it is made, or the fact is to be proved, the question for the jury to determine is whether the defendant is guilty of the present crime described in the indictment, and whether he is the person charged therein as having been formerly convicted. Under the present English practice, as changed by an act passed in 1837, the principal charge must be first passed upon by the jury, and then the proof is to be presented of the former conviction. That may be fairer procedure from the prisoner's standpoint; but, as Chief Judge Church observed in Johnson v. People, in adverting to the English practice, "we have no such statute." In the absence of legislation effecting a change in the Code of Criminal Procedure, there is no warrant for departing from its requirements. The very fact that in England it was .necessary to enact a statute to remedy what was probably deemed a defect in criminal procedure at the common law tends to show that, until legislation has changed the

rule, it is essential that the prior conviction be proved by the people as a part of the case against the prisoner. Even with the change effected in the English criminal procedure, it would appear that the former conviction is regarded as an element entering into the grade of the guilt of the defendant, inasmuch as proof must be made of it and the jurors must deliver their verdict upon that proof. Reference is made to People v. Raymond, 96 N. Y. 38, by the appellant, where it was observed by Judge Finch that "the first offense was not an element of nor included in the second, * * * but is simply a fact in the past history of the criminal, which the law takes into consideration when prescribing punishment for the second offense." I do not think, however, that the learned judge's observation is to be taken in as broad a sense as the appellant claims for it. He was considering this contention: "That no offense can be considered a second offense, under the Penal Code, unless it appears that the first offense charged is a crime under such Code, and that the first offense was before the Code went into operation." He pronounced the contention to be without adequate foundation, and then makes the observation referred to. The present point was not being discussed. What he should be regarded as holding is that the second offense alone is to be punished, and that proof of the commission of the prior offense was not necessary to, and could not, establish the prisoner's guilt upon the pricipal charge. In a sense, the prior offense was not an element of the second offense, for they were disconnected acts; but the prior conviction so affected the grade of the prisoner's guilt and the degree of his liability to punishment that, in that sense, it entered into the offense of which he is convicted, and that I cannot regard Judge Finch's opinion as denying. His remarks have their proper significance, when read in connection with the case under consideration, and are not to be understood as overruling what had been prveiously so distinctly held in Wood v. People, supra. I regard it as a necessary and logical conclusion, where an increased punishment is prescribed by the statute upon conviction for a second offense, that the prior conviction enters as an ingredient into the criminality of the prisoner, not that the fact of the prior conviction

tends, in any wise, to prove the commission of the second of-fense, but that it aggravates the guilt of the prisoner, and, as a hardened or unreformed criminal, subjects him to an increased punishment for the repeated crime.

The second position taken by the appellant is that, if the construction of the statute he contends for is not correct, then it is made to conflict with, and to destroy, the presumption of innocence, to which he is entitled under the law, and to deprive him of his liberty without that due process of law which is guarantied by the Constitution to every citizen. "Due process of law" has been well defind to be "law in its regular course of administration through courts of justice." 2 Kent, Comm. 13. It is provided for if statute under judicial examination provides for the regular administration of its provisions by the courts of the state. Sheppard v. Steel, 43 N. Y. 52. It means that every citizen shall have his day in court, and that he shall have the benefit of those rules of the common law, generally deemed to be fundamental in their nature because sanctioned by reason, by which judicial trials are governed. These rules, which secure to the accused a judicial trial, it is beyond the power of the legislature to subvert. Wynehamer v. People, 13 N. Y. 378, 447. It is beyond its power to deprive a person of his liberty, or to deprive him of his property, by mere legislation. It is not beyond the legislative power to regulate what shall be the due process of the law, by which the citizen may be put upon his trial concerning his liberty or his property, provided that the statute destroys none of those safeguards to individual freedom and rights which the people of England finally acquired for themselves, and which, as part of the common law of that land, we took over and adopted in the formation of a state government. They are preserved to all persons by the Constitution of the state, and it is the duty of the judicial branch of the government to uphold them whenever brought into question. The legislature has plenary power to make laws for the community, in its social and aggregate capacity, within limits set by the Constitution. It is its duty, and it has the amplest power, to prescribe the punishments for offenses against the laws of the state, and there is no arbiter beyond the state itself to determine

what legislation is just. Punishment is inflicted because it is right that the state, in the interests of society, of which it is the organized expression, should prescribed it as a measure for the prevention to crime. In so doing it is right that the degree of punishment should be measured by the criminality of the individual, and that such an example shall be made as will tend to establish a deterrent influence over the members of society. Reason suggests that the persistent and hardened offender needs a severer punishment. The previous punishment having failed to reform him, his guilt, upon his further offending, is greater, and, being so, severer treatment is needed to compel him to reform his ways and in furtherance of the effort to prevent crime. In enacting that, upon a conviction for a second offense, the punishment shall be one of greater severity, the legislature has acted in accordance with the dictates of a wise policy and has invaded no constitutional right.

How can it be said that the defendant has not had due process of law? The statute announced the enhanced penalty which he would incure by repeating his infraction of the laws against crime. The indictment charged him with the aggravated crime, and he was put upon his trial under the charge of being for a second time an offender, and therefore liable to suffer a severer punishment. His sentence was pronounced after he had been tried and found guilty by the verdict of a jury. The course of the administration of justice was regular in all respects. When it is said that the presumption of the defendant's innocence was destroyed by the introduction of proof of his former conviction, the proposition is based upon mere assumption, and it is the error in that assumption which affects the appellant's argument. The statute has not abrogated the rule as to the presumption of innocence. It is expressly preserved to the defendant by section 389 of the Code of Criminal Procedure, and the defendant had the benefit of it upon his trial, in that the court distinctly instructed the jury to that effect. It will not be presumed that the jurors failed to obey the instruction, or that they did not accord to the accused the benefit of every reasonable doubt upon the evidence. There can be no legal presumption that the presumption of the defendant's

innocence will be prejudiced. The legislature can do as the English parliament has done by changing the rule of procedure. But that rests in the legislative discretion, and until it is exercised in that direction, the established procedure must be followed, and the proof must be such as to meet the charge and bring the case within the statute. Nor is there force in the argument that a discrimination is made in the trials of persons charged with the same crime. The discrimination is made between first and second offenders and the punishments which are visited upon them. The legislature has made the conviction of the commission of a former offense an ingredient of the guilt of the defendant upon a second offense being committed. If it were not so, there would be no warrant for the infliction of the increased punishment. The objection that proof of the former conviction might affect the prisoner's character was considered in Johnson v. People, supra, and it was held to have no force when such evidence relates to the issue to be tried. I think enough has been said upon the question presented, and that the judgment of conviction was properly sustained below, and should be affirmed by this court.

BARTLETT, J.—(dissenting). I am unable to agree with the majority of the court that this defendant was convicted by due process of law. It is the boast of the common law that every accused person is presumed to be innocent until proven guilty, and we have made this presumption a part of our criminal procedure. Code Cr. Proc. § 389. The fact that a second conviction of felony subjects the defendant to a heavier penalty is no justification for pleading the first conviction in the indictment for the second offense. In People v. Raymond, 96 N. Y. 38, Judge Finch, speaking for the court, said: " The first offense was not an element of or included in the second, and so subjected to added punishment, but is simply a fact in the past history of the criminal, which the law takes into consideration when prescribing punishment for the second offense. That only is punished." In other words, the fact of a first conviction does not become material until after the second conviction, and then only for the purpose of enabling the trial judge to

impose the proper term of imprisonment. The first conviction can be established by the production of the record before the trial judge, and the only possible fact to be litigated would be the identity of the defendant if disputed. If this inquiry into the past history of the accused is to be made by a jury, the legislature should provide that the jury who have just rendered their verdict of guilty, or a new one to be drawn, shall hear the evidence and determine the question. This has been the law of England for fifty years and more. To project the issue of a former conviction into the second trial, before verdict rendered, practically deprives the defendant of the legal presumption of innocence, inevitably prejudices the jury against him, and takes from him his constitutional right to be convicted only by the judgment of his peers and due process of law.

It is urged that the constitutional question is not an open one in this court, and to support the contention two cases are cited : Wood v. People, 53 N. Y. 511 ; Johnson v. People, 55 N. Y. 512. In neither of these cases was the constitutional question raised ; they deal wholly with procedure. The mere fact that for years it has been the practice to plead and prove the former conviction on the trial for the second offense does not show that the constitutional question has necessarily been passed upon, but rather overlooked. This practice is a reproach to the administration of justice, and speedy legislation should render it impossible. I vote for a reversal of the judgment.

All concur with GRAY, J., for affirmance. except BARTLETT, J., who reads dissenting memorandum, and PARKER, C. J., not voting.

Judgment affirmed.