PEOPLE *v.* CAMPBELL.

1. CRIMINAL LAW—INFORMATION—THREATS—EXPLOSIVES.

In a prosecution for threatening injury to person or property with intent to extort money, as defined by 3 Comp. Laws, § 11488, 5 How. Stat. (2d Ed.) § 14541, it was sufficient to charge in the information that respondent " did threaten to dynamite the dwelling house " of a person named, with the intent specified by the statute, setting out in full the written communication containing the alleged threat.   3 Comp. Laws, § 11908, 5 How. Stat. (2d Ed.) § 15079.

2. SAME—FORMER OFFENSES—EVIDENCE—HABITUAL CRIMINAL.

Evidence of former convictions and sentences imposed on the accused to the State prison for one year or more, was admissible under an information setting up such former convictions, in pursuance of the provisions of 3 Comp. Laws, §§ 11785, 11786, 5 How. Stat. (2d Ed.) §§ 14977, 14978, authorizing an increased penalty in such cases: and it was essential to a sentence as for a third conviction under such statute, that the information should so allege, and proof thereof be made, so that although respondent did not take the witness stand he could not complain of alleged prejudicial effect by reason of the introduction of such proof.

3. SAME—TRIAL—ARGUMENT.

The prosecuting attorney did not commit reversible error in arguing the case to the jury by referring to and stating the effect of such evidence, which was not objected to or disputed by the accused.

4. SAME—DIRECTED VERDICT.

Nor did the court err in its charge, submitting the other issues to the jury, in advising them that as to the prior convictions it was their duty to find against respondent.

5. SAME—SENTENCE.

The sentence, showing all necessary allegations, including the accusation, evidence, and determination of prior sentences, etc., was valid and regular.

Error to Oakland; Smith, J.   Submitted November 14, 1912.   (Docket No. 131.)   Decided December 17, 1912.

Bennie E. Campbell was convicted of threatening injury to the property of another.   Affirmed.

*Carl H. Pelton*, Prosecuting Attorney, and *Clinton McGee*, Assistant Prosecuting Attorney, for the people.

*E. E. Hymers*, for respondent.

McAlvay, J.   Respondent was prosecuted and convicted before the circuit court of Oakland county upon an information charging that he feloniously and maliciously threatened to dynamite the dwelling house of Mary D. Ward, with intent to extort money from her, and the information also sets forth two prior convictions and sentences of respondent, one for larceny for which he was sentenced for ten years, and one for burglary for which he was sentenced for five years, in both instances to be confined in the State prison at Jackson at hard labor, both convictions having been had in the circuit court for the county of Oakland.   Respondent has removed the case to this court after sentence for review upon a writ of error.

No evidence in the case on the trial was offered or presented on the part of respondent.   The material facts relied upon by the people and to establish which evidence was offered and submitted are that respondent and another, acting together, wrote three certain letters to Mrs. Ward, the character of which will be seen from the following copy of the first letter:

"Aug. 22, 1910.   Mrs. H. M. Ward.   Pontiac, Mich.
"You are requested on Sept. 1st to have ten thousand dollars ($10,000) on Sept. the first you will receive a letter where to deliver the money and furthermore be shure and have the money without any further delay, and this money will hafto be forthcoming or your house will be dynamited.   We mean business.   This is no fooling."

These letters were written in Pontiac, inclosed in envelopes, and sent through the mail.   Two were posted in Detroit by the confederate named Osborne and one in

Pontiac. They were all received by Mrs. Ward. The second letter gives instructions where the money was to be left, and the amount required in bills and the amount in gold, and contained the same threat as the first. The third letter refers to the fact that Mrs. Ward had gone out as directed, but failed to go to the place designated, and contains directions ordering her how and where to go, and concludes with the words:

"This is no fooling. We mean business or trouble."

Mrs. Ward advised with her attorney, the proper officers were notified, and a watch was set upon these parties, who were seen together at the time Mrs. Ward came to the Hodges House with her car. After the receipt of the third letter, a deputy sheriff and other officers went to the place designated, and deposited dummy money. At that time some shots were fired, and later respondent and Osborne were captured.

Osborne, who was under prosecution for complicity in this offense, a young man 19 years old, had lived in Pontiac for five years, and was in the employ of an automobile factory. He was produced as a witness, and testified in detail as to the circumstances of writing and sending the letters. He said Campbell told him he had a scheme whereby to get money, and later gave him the details; that he posted two of the letters in Detroit and the last one in Pontiac; that Campbell dictated two of the letters, and he wrote them down. He testified at length to all the facts up to and including what occurred on the night before their arrest, when both of them went to the place where Mrs. Ward had been ordered to place the money.

Other witnesses testified to material facts, including the deputy sheriff, who also testified to a voluntary statement made to him by respondent in answer to questions that he was in the orchard when he fired the shots, and Osborne was further away. There was abundant evidence presented to the jury to warrant the verdict of guilty of the offense charged against respondent.

The errors assigned and relied upon by respondent are:

*First.* That no offense is charged in the information. This question was raised at the close of the people's case by a motion of respondent to quash the information and process in the case, because no offense under the laws of this State was set up in the information, which was denied. The information reads that:

"Bennie E. Campbell * * * on or about the 22d day of August, 1910, at the city of Pontiac in said Oakland county, by a written communication sent to one Mary D. Ward, and directed to her the said Mary D. Ward by the name and description of 'Mrs. H. W. Ward, R. F. D. No. 3, Pontiac, Michigan, feloniously and maliciously did threaten to dynamite the dwelling house of her, the said Mary D. Ward, with intent thereby then and there to compel the said Mary D. Ward, against her will, to deliver and give to the said Bennie E. Campbell and one Frank Osborne the sum of ten thousand dollars in money and which said written communication is as follows: [The letter of August 22d, 1910, already given, is then set forth.]"

The statute defining the offense charged in the information, being section 11488, 3 Comp. Laws (5 How. Stat. [2d Ed.] § 14541), reads:

"If any person shall either orally or by a written or printed communication maliciously threaten * * * any injury to the person or property of another with intent thereby to extort money, or any pecuniary advantage whatever, * * * he shall be punished by imprisonment in the State prison or in the county jail not more than two years or by a fine not exceeding one thousand dollars, in the discretion of the court."

The argument is that the information fails to charge, in the words of the statute just quoted, that the respondent "threatened to injure the person or property of Mrs. Ward," insisting that the words in the information, "did threaten to dynamite the dwelling house of her the said Mary D. Ward," did not sufficiently charge this offense. This objection is purely technical, and in our opinion the information in that respect is sufficient. In any view the

information is sufficient under the statute, which provides:

"No indictment shall be quashed or deemed invalid, nor shall the trial, judgment or other proceedings thereon, be affected   *   *   *   by reason of any other defect or imperfection in matters of form which shall not tend to the prejudice of the defendant." Section 11908, 3 Comp. Laws.

*Second.* Objection was made during the trial on the part of the respondent to the introduction of journal entries and records of the court of the former convictions and sentences of respondent charged in the information, as incompetent and prejudicial. These former convictions were set up in the information as provided by section 11785, 3 Comp. Laws (5 How. Stat. [2d Ed.] § 14977), which provides:

"When any person shall be convicted of any offense, and shall be duly sentenced therefor to confinement in the State prison of this State, for one year or more, and it shall be alleged in the indictment on which said conviction is had, and admitted or proved on the trial, that the convict has before been sentenced to a like punishment by any court in this State, or in any other of the United States, for a period not less than one year, he shall be sentenced to be punished by imprisonment in the State prison not more than seven years, in addition to the punishment prescribed by law for the offense of which he shall then be convicted."

And section 11786, 3 Comp. Laws (5 How. Stat. [2d Ed.] § 14978), which provides:

"When any such convict shall have been twice before sentenced to imprisonment at hard labor, for a period of not less than one year at each time, by any court in this State, or in any other of the United States, he shall be sentenced to imprisonment at hard labor for life, or for a term of not less than seven years in addition to the punishment prescribed by law for the offense of which he shall then be convicted."

And the indictment further charges that, by reason of such former convictions and sentences, the respondent "is guilty and subject to sentence according to the provisions

of compiler's section 11786 of the Compiled Laws of Michigan of the year 1897." By the provisions of the sections quoted, it was necessary that the allegations of such former convictions should be contained in the information, and, if not admitted, proved on the trial, which statutory requirement must be complied with in order to give the court jurisdiction to sentence respondent as for a third offense under section 11786, *supra*.

It is urged that the evidence of these former convictions and sentences was incompetent, and that the same was prejudicial to the respondent. Counsel for respondent is in error in the conclusion that the law does not require such former convictions and sentences to be recited in the information, or that it is not necessary to prove the same on the trial of the case.

The two sections, above quoted, must be considered together, as they in terms so require. The first is a provision relative to one former conviction and sentence, and the second follows, beginning with the words, "When such convict shall have been twice before sentenced and imprisoned at hard labor," referring back to the provisions of the first section quoted. This court must hold that, under this statute, no sentence could have been imposed as for a third conviction had the prosecutor omitted the allegations as to the former convictions and sentences from the information or proof of same upon the trial. This proof consisted of the original records of the court in which the trial of the instant case was had, identified by the clerk of the court. The authorities cited by respondent holding that proof of other offenses as evidence of the offense charged is not permitted to be received are not applicable to this case. These objectionable allegations in the information and the proof of the same had no relation to the offense for which respondent was then being tried, except as showing the jurisdiction and authority of the court in imposing a sentence as for a third offense should respondent be found guilty of the offense for which he was then on trial. Such

former sentences, as has already been stated, were essential to the validity of the information in case of a conviction and sentence as for a third offense.

*Third.* Error is assigned upon the argument of counsel, charged as prejudicial and improper. This is claimed to be prejudicial because based upon the claimed improper testimony, just discussed, which was introduced. This testimony, which we hold was necessary under the statute and therefore properly in the case, tended to prove the former convictions and sentences, which the statute, as already stated, required must be proved in the case. The objectionable argument was a statement of the facts which the prosecutor claimed this evidence showed without dispute, and therefore cannot be held to have been prejudicial. No objection to this documentary evidence was made at the time of the trial except as above stated, nor were these former convictions and sentences of respondent in any manner questioned.

*Fourth.* Error is assigned to the following portion of the charge of the court:

"There are really two charges in this information, namely, the sending of this letter and also the charge of prior convictions. Regarding these two prior convictions, I feel free to say to you that the proof is a matter of record and undisputed, and upon that branch of the case I say to you that it will be your duty to render a verdict of guilty—that is, if he is guilty of the first offense—because there is no dispute about that. The records are clear that he was convicted on both occasions, and that he was sentenced the first time for a period of five years, and the second time for a period of ten years."

This excerpt from the charge must be read in connection with what immediately follows and with the whole charge. The court proceeded:

"The whole controversy for you to determine upon disputed facts is the question of whether he aided and abetted in sending certain letters set up in the information. To that information he has pleaded not guilty, and it is not incumbent upon Mr. Campbell, in the first instance,

to prove his innocence of that charge. The burden of proof rests upon the people represented by the prosecuting attorney and his assistant to show his guilt of that charge beyond a reasonable doubt. I mean by that that he starts in the trial of this case with the presumption of innocence in his favor, and you ought to give him the benefit of that presumption of innocence all during the trial and until you enter the jury room and until you are satisfied, after a discussion of the evidence, that he is guilty."

The court further charged at great length that, unless the jury found beyond a reasonable doubt that the respondent sent such communications or intentionally caused or aided in the sending of the same, then they must render a verdict of not guilty. And if they found that he had no part in sending the communications the verdict must be not guilty. And, further, to the same effect, at considerable length, charging them explicitly that they must find that he advised or requested sending the letters, and it was not sufficient that if he knew they were sent, or if he aided in the preparation of the letters, but failed to find that he advised or aided and abetted in sending them, the verdict must be not guilty, and further that it would not be sufficient to justify a conviction for the jury to find respondent knew of the contents of the letters and consented to sending them, but they must find beyond a reasonable doubt that he went further than this, and by some overt act aided or procured the sending of them. The only portion of the charge objected to is the one first above quoted, and that in our opinion cannot be considered as prejudicial to the defendant.

*Fifth.* Respondent urges that the sentence imposed is illegal. In view of the conclusions we have already stated in regard to the sufficiency of the information, and in regard to the allegations and proof in the case relative to the former convictions, we need only state that a careful reading of the judgment and sentence shows all necessary allegations to constitute a valid judgment and sentence pronounced by the court, including the allegations of the charge, evidence and determination of the former

convictions and sentences of respondent upon which to predicate the sentence of the court as for a third conviction, and that such sentence in that respect is regular and valid.

We find no error in this case. The judgment of the circuit court is affirmed.

MOORE, C. J., and STEERE, BROOKE, STONE, OSTRANDER, and BIRD, JJ., concurred. KUHN, J., did not sit.