PEOPLE *v.* ROTH.

1. INTOXICATING LIQUORS — CRIMINAL LAW — EVIDENCE — ADMISSIBILITY.

In a prosecution for keeping a place where whisky was unlawfully stored, possessed, sold, etc., testimony relative to the arrest of defendant's bartender and the finding of a bottle of whisky in his pocket, *held*, admissible, although defendant was not present at the time, in view of other testimony tending to show that defendant knew that said bartender was selling whisky for him.[1]

2. SAME—APPEAL AND ERROR.

Where testimony that, when defendant's place of business was raided, a gallon of moonshine whisky, in the pos-

[1]Intoxicating Liquors, 33 C. J. § 522.

On constitutionality of statute making possession of intoxicating liquor *prima facie* evidence of intent to violate law against illegal sales, see note in 1 L. R. A. (N. S.) 626.

On criminal responsibility for sale of intoxicating liquor by partner, agent or servant, see notes in 41 L. R. A. 660; 16 L. R. A. (N. S.) 786; 20 L. R. A. (N. S.) 321; 33 L. R. A. (N. S.) 419.

On evidence of other offenses in prosecution for violation of liquor law to prove identity of defendant, see notes in 3 A. L. R. 1555; 22 A. L. R. 1020; 27 A. L. R. 358.

session of another, was found on the premises, was admitted and later stricken out by the trial judge, defendant was not prejudiced thereby, since if the whisky was on ·defendant's premises, with his knowledge and consent, for sale to his customers, that fact would be competent evidence on a charge of keeping a place, even if possession was in another.[2]

3. SAME—EVIDENCE OF COMMISSION OF ANOTHER OFFENSE DURING PERIOD CHARGED ADMISSIBLE.

Where the information charged the keeping of a place, etc., on December 23, 1923, and on divers other days between that day and December 1, 1922, testimony as to the finding of liquor on defendant's place on June 22, 1922, when he was arrested and charged with illegal possession, was admissible, although said charge is still pending, since the possession was during the period charged, and the fact that another charge is pending against defendant does not render said evidence incompetent.[3]

4. SAME—APPEAL AND ERROR.

An objection by defendant's counsel that the prosecuting attorney only offered evidence "that a case of that character was pending against the defendant," and that the defense had no opportunity to cross-examine the complaining witness, *held*, without merit, where the record shows that the testimony of all of the witnesses who had personal knowledge of the facts was introduced, and the fact of the other pending case was shown by defendant's counsel as a basis for his objection.[4]

BIRD and WIEST, JJ., dissenting.

Exceptions before judgment from Bay; Houghton (Samuel G.), J. Submitted June 13, 1924. (Docket No. 93.) Decided October 6, 1924.

Charles Roth was convicted of violating the liquor law. Affirmed.

*Collins & Thompson*, for appellant.

*Frank Clark Patterson*, Prosecuting Attorney, for the people.

---

[2]Intoxicating Liquors, 33 C. J. § 522; Criminal Law, 17 C. J. § 3666; [3]Intoxicating Liquors, 33 C. J. § 522; [4]Id., 33 C. J. · § 522.

BIRD, J. (*dissenting*).   Defendant was tried and convicted for a violation of the liquor statute.   The information charged him with keeping a place where "whisky was unlawfully stored, possessed, sold, given away and furnished."    The offense was charged as a second violation of Act No. 338, Pub. Acts 1917, as amended (Comp. Laws Supp. 1922, § 7079 [51]).

1. Complaint is made because the records of the court were admitted to show defendant's prior conviction in 1920 for a violation of this act, on the ground that it occurred three years prior to this trial and at a different place.    In view of section 51 of Act No. 338, as amended, it does not appear important that the prior conviction was had three years previously, or in what place or county the prior violation took place.    That section provides:

"and for every second and subsequent offense so committed, whether in the same county or in any other county of the State, he shall, upon conviction thereof, be sentenced to imprisonment in any penal institution of this State," etc.

Counsel further argue that the admission of the records violated the rule that prior distinct offenses cannot be shown for the purpose of raising an inference that the defendant has committed the offense in question.    We think that rule has no application here.    It was held in *People* v. *Campbell*, 173 Mich. 381, in construing a similar statute, that it was necessary to allege the prior conviction in the information, and that unless this was done the court had no authority to increase the sentence.    This evidence was properly guarded by the court in his charge at the suggestion of defendant's counsel.    The purpose of this testimony was explained to the jury, and they were told that evidence of the former conviction was admitted only for the purpose of showing this to be

a second offense.    We think there is no merit in this complaint.

2. Evidence was admitted that a search was made at defendant's soft drink parlor on February 28, 1923. It was shown by the officer making it that he found a small bottle of whisky on Melvin Hall, who was an employee of defendant; that he took it from Hall's pocket, and that subsequently Hall pleaded guilty to having in his possession intoxicating liquor.    As we understand the record there is no claim that defendant was present when his place was searched, and there is no proof that defendant had any knowledge that the employee was carrying liquor on his person.    Unless defendant had some knowledge of it and in some way gave his consent or approval of it, the testimony was incompetent and should have been rejected.

3. It appears that on May 1, 1923, the officers made another search of defendant's place, and found a small quantity of liquor.    Defendant was arrested and tried for having possession of intoxicating liquor, and upon the trial he was acquitted.    Subsequently one Kuschniak was arrested for the same offense.    He was convicted and sentence was imposed.    The trial court permitted the people to go into these matters over defendant's repeated objections.    Subsequently, and when the case was nearly finished, the trial court struck out this testimony on his own motion.    Counsel argue that striking out the testimony did not cure the error.    We agree with counsel that testimony of this character once gotten before the jury on a charge of keeping a place where intoxicating liquors were unlawfully sold would have its effect, even after it was stricken out.    This testimony would be very influential in characterizing the place kept by defendant in the mind of the average juror.    The testimony was incompetent and highly prejudicial to the defendant.

4. It also appeared that on June 22, 1923, a third search of defendant's premises was made. It resulted in finding a half-pint bottle partially filled with whisky in the basement. Defendant was informed against for having liquor in his possession, and this case was pending when the present case was tried. The court admitted testimony of that proceeding to be shown to the jury. We think this was error. Had the party who made the complaint in that case testified in this case to what he swore to in the complaint, he could have been cross-examined upon the charge which he made, but simply permitting evidence that a case of that character was pending against defendant in the circuit court should not have been used against him.

For the errors indicated the judgment of conviction should be set aside and a new trial granted.

WIEST, J., concurred with BIRD, J.

McDONALD, J. I cannot agree with Mr. Justice BIRD that the judgment of conviction in this case should be reversed. My Brother finds reversible error in the admission of testimony relative to the arrest of one Melvin Hall in defendant's place of business and the finding of a small bottle of whisky in his pocket. Hall was the defendant's bartender. He was behind the bar at the time of his arrest and had the whisky in his pocket. The defendant was not present, but there is evidence that Hall sold whisky on various occasions to the defendant's customers in his presence. Other testimony tends to show that defendant's method of doing business was not to sell whisky over the bar, but from flasks carried in the pocket. Witness Greenwald testified:

"Mr. Roth never sold me any whisky over the bar. He took me behind a kind of a stall and he always got the bottle out of his hip pocket. Any time I bought

liquor from Mr. Roth he got the bottle out of his pocket."

In view of these facts and the fact that defendant knew that Hall was selling whisky for him, it cannot be said that there was no evidence that Hall carried liquor in his pocket for the purpose of selling it to the defendant's customers, and that the defendant had knowledge of it.    In my judgment the court did not err in admitting this testimony.

Again it is held by my Brother that testimony of the search of the defendant's place on May 1, 1923, and the finding of a gallon of moonshine whisky in possession of one August Kuschniak was incompetent and so highly prejudicial that, though it was stricken out, the error in admitting it was not thereby cured. I think the testimony was competent and should not have been stricken out.    In considering its admissibility it should be borne in mind that the defendant is not here being tried on a charge of unlawful possession of liquor, but for keeping a place.    Each is a separate and complete offense under the statute. The defendant was acquitted of the unlawful possession so we must assume that the liquor was in possession of Kuschniak.    Granting that it was, if it was in Kuschniak's possession in the defendant's place of business for the purpose of sale to his customers, that fact would be competent evidence on the trial of a charge for keeping a place.    The question here is not who had possession of the liquor but whether it was stored in the defendant's place of business for sale.    The defendant says that he did not know it was there, but he had charge and control of the place and has offered no explanation as to how it got into the basement without his knowledge.    The officers found a gallon of moonshine whisky divided into half-pint, pint and quart bottles setting on a table in the basement.    The evidence shows that the defendant

was selling moonshine whisky in connection with his soft drink business, and that when he wanted a bottle he went to the basement for it.    The witness Wilder testified:

"One boy paid for four drinks, a dollar, and I bought the next drink and paid a dollar to Mr. Roth.    The drinks were moonshine whisky.    Mr. Roth only had a little in the bottle, then went into the basement and brought up another bottle."

It is undisputed that the liquor was stored in the defendant's basement and was in possession of Kuschniak when the officers found it on the 1st of May, 1923.    It matters not that the defendant was acquitted by a jury in a trial wherein he was charged with its unlawful possession, or that Kuschniak pleaded guilty.    If it was there for the purpose of sale, though in possession of Kuschniak, and the defendant had knowledge of it, he would be guilty of keeping a place where liquors are stored for sale.    The record contains many facts and circumstances tending to show such knowledge on the part of the defendant.    The testimony was competent and the defendant benefited by the action of the court in striking it out.

A similar situation exists as to the testimony of the finding of liquor in the defendant's place on the 22d of June, 1922.    The defendant was arrested, charged with unlawful possession, and that charge had not been disposed of when the instant case was tried. It is claimed that testimony of possession on the 22d of June cannot be used against him in this case, because of the other pending charge.    The information in the instant case charged the keeping of the place, etc., on the 23d of December, 1923, and on divers other days between that day and the 1st of December, 1922. The incident of June 22, 1923, is included in this period.    The fact that another case was pending did not render incompetent the testimony as to possession of liquor during the period charged in this informa-

tion. If counsel for the defendant were correct in their contention, it would not be possible to use this testimony against the defendant in either case. The objection that the prosecuting attorney only offered evidence "that a case of that character was pending against the defendant," and that the defense had no opportunity to cross-examine the complaining witness, is not borne out by the record. Testimony of all the witnesses who had personal knowledge of the facts was introduced, and the fact of the other pending case was shown by defendant's counsel as a basis for their objection. The testimony was competent.

I have examined the record with care and am unable to discover any reversible error.

The judgment of conviction is affirmed.

CLARK, C. J., and SHARPE, MOORE, STEERE, and FELLOWS, JJ., concurred with McDONALD, J.