Edmund A. McCarthy, J.
The defendant was convicted of a traffic offense, failure to keep to the right, in violation of section 1120 of the Vehicle and Traffic Law, in the Town of Columbia, Herkimer County. Immediately upon his conviction he was charged with being a second offender of the Vehicle and Traffic Law, in that he was guilty of a prior offense, failure to produce an inspection stamp on his vehicle. After having been so charged, he was found guilty and fined $100, which fine was paid. Question is raised upon this appeal as to the propriety of this procedure, that is, should the defendant be charged in the original information with being a second offender or can he be charged with being a second offender after his conviction on the current charge? And whether or not there is any statutory mandate for such a proceeding.
This question arises by reason of the additional penalties imposed for a second traffic infraction conviction, under section 1800 of the Vehicle and Traffic Law. Section 717 of the Code of Criminal Procedure seems to be intended to cover felonies and misdemeanors. An amendment, effective September 1, 1959, to section 145 of the Code of Criminal Procedure [L. 1959, ch. 220] prohibited an information from alleging a previous conviction unless such conviction affected the degree of crime or offense charged or was an element of such crime or offense or a circumstance affecting the jurisdiction of the court. A final provision made this amendment inapplicable where the act or omission alleged in the information is not a crime; consequently, sections 1940, 1941, 1942, 1943 and 1751-a of the Penal Law are not applicable.
In other cases, there is now no statutory procedure for establishing the fact of a previous conviction, where they are the basis for a different or additional punishment. (N. Y. Legis. Doc., 1959, No. 65 [M].)
There being none, we now revert to the established traditional practice of alleging the previous conviction in the indict-
*173 ment or information and proving it at the trial. In fact, the more severe punishment could not be imposed, unless so alleged in the indictment or information. (People v. Sickles, 156 N. Y. 541; People v. Rosen, 208 N. Y. 169.)
This procedure is necessary for the protection of the defendant. (People v. Sickles, supra; Johnson v. People, 55 N. Y. 512.)
It has been argued that this procedure may be prejudicial. (People v. Sickles, supra.)
It, therefore, seems proper to follow the case law in the absence of statutory provisions and follow the procedure approved by the Court of Appeals in People v. Sickles (supra) and in cases of infractions or offenses, all previous convictions should be alleged in the information.
Informations were extended by an amendment to section 145 of the Code of Criminal Procedure, effective September 1, 1959, to the effect that ‘ ‘ information shall not allege that such person has previously been convicted of any crime or offense ’ \ However, in the last sentence of this extension, the acts or omissions alleged which are not a crime are not included. Section 275-b of the Code of Criminal Procedure, effective September 1, 1959 [L. 1959, ch. 221], extended this section to provide that an indictment shall not allege that the defendant has previously been convicted of a crime. This amendment in effect prohibited mention of previous convictions and was also copied in section 145 of the Code of Criminal Procedure so far as informations are concerned.
These amendments were made to conform because of section 155 of the Vehicle and Traffic Law which created ‘1 traffic infractions ’ ’ which are not crimes as distinguished from misdemeanors or felonies.
Likewise, the last sentence of section 717 of the Code of Criminal Procedure which section outlines proper procedure for a crime or offense is not applicable to traffic infractions.
The chief importance of section 717 of the Code of Criminal Procedure is that after a defendant has pleaded guilty or been convicted by the court and it is made to appear that he has been previously convicted of a crime which has not been alleged in the information, then an information shall be filed accusing the defendant of such previous convictions.
Accordingly, the conviction as a second offender herein will be reversed and the fine remitted and the defendant remanded to the Court of Special Sessions of the Town of Columbia for sentence on the conviction of the offense of failing to keep to the right, under section 1800 of the Vehicle and Traffic Law.
*174 For that purpose, the Court of Special Sessions in the Town of Columbia is ordéred to convene and the defendant required to appear before it on the 11th day of July, 1961 at 7:30 p.m. daylight saving time for sentence.