## PEOPLE *v.* CAIRNS.

1. CRIMINAL LAW—ARRAIGNMENT—COURT RULES—APPOINTMENT OF COUNSEL.

> Statement of court on arraignment of defendant on charge of escape from prison that if defendant were financially unable "to hire a lawyer, the court *can* appoint one at the county's expense to advise" defendant did not comply with pertinent court rule requirement that "the court *will*, if accused so requests, appoint counsel for him" (Court Rule No 35 § 1 [1945]).

2. SAME—GUILTY PLEA—SECOND FELONY.

> Defendant who pleaded guilty to having committed second felony, namely, breaking prison, while imprisoned for first felony of breaking and entering in nighttime, *held*, not to have been afforded due process and not to have made plea freely, voluntarily, and understandingly, where court on accepting plea did not inform him of maximum penalty by failing to mention that sentence for breaking prison would run after sentence for first felony was completed, and not concurrently (CL 1948, § 750.110; § 750.193 as amended by PA 1956, No 6; § 768.35; § 769.10, as amended by PA 1949, No 56; Court Rule No 35A [1945]).

3. SAME—SECOND FELONY—IDENTITY.

> Failure of court to question defendant charged with committing second felony as to his identity with person who committed first felony, as required by statute, *held*, reversible error (CLS 1961, § 769.13).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 318, 319.
[2] 21 Am Jur 2d, Criminal Law §§ 484–487, 490.
  Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.
[3] 25 Am Jur, Habitual Criminals and Subsequent Offenders § 30.
[4] 25 Am Jur, Habitual Criminals and Subsequent Offenders § 22 *et seq.*

4. SAME—SECOND FELONY—SEPARATE INFORMATION.

    Better procedure for charging defendant with crime of committing second felony is to proceed by separate information charging crime of committing second felony after conviction of substantive felony itself (CLS 1961, § 769.13).

Appeal from Marquette; Jackson (Glenn W.), J. Submitted Division 3 May 6, 1966, at Marquette. (Docket No. 477.) Decided October 25, 1966.

John D. Cairns was convicted of escaping from prison, and sentenced as for a second felony offense. Defendant appeals. Reversed and remanded for further proceedings.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *Edward A. Quinnell*, Prosecuting Attorney, for the people.

*Michael J. Khoury*, for defendant.

HOLBROOK, P. J. In November of 1958, defendant was charged in an information filed in the circuit court for Marquette county, with the crime of escaping from the State house of correction and branch prison at Marquette, in violation of CL 1948, § 750.193 as amended by PA 1956, No 6 (Stat Ann 1957 Cum Supp § 28.390); which was charged therein as a second felony offense, contrary to CL 1948, § 769.10, as amended by PA 1949, No 56 (Stat Ann 1954 Rev § 28.1082), in that defendant had been convicted of breaking and entering in the nighttime, August 10, 1953, in the recorder's court for the city of Detroit, CL 1948, § 750.110 (Stat Ann 1962 Rev § 28.305).

On November 3, 1958, defendant was arraigned before the court without counsel and entered a plea of guilty to the information. On November 6, 1958,

defendant again appeared before the court and was sentenced to 2-1/2 to 4-1/2 years in prison, such term to commence at the end of the sentence defendant was then serving. Defendant filed a motion *in propria persona* for review of the judgment which was denied by an order of the court filed June 23, 1964. Defendant thereupon petitioned the circuit court for appointment of counsel to prosecute an appeal claiming he was indigent, under GCR 1963, 785.4. Present counsel was thereupon appointed for defendant. An application for leave to file a delayed appeal, presented to the Supreme Court, was granted by order dated January 21, 1965, for preparation and presentation to the Court of Appeals, under the court rule.

Defendant pursuant thereto filed claim of appeal and raises the following three questions for this Court to consider in reviewing the matter: (1) Was the sentence meted out in accordance with the law and the procedure outlined by the applicable statute? (2) Have the rights of the defendant under the State and Federal Constitutions been violated? (3) Is the defendant entitled to have vacated the previous sentence and allowed a credit on the new sentence for the time served?

We join the first and second questions for consideration because they are best dealt with in that manner.

Defendant asserts that the court failed to observe the rules of due process under the Constitution, statutes and court rules pertaining to this arraignment and sentencing. The first claim is that the people improperly joined two offenses in a single information because he could not legally be informed against as committing a second felony unless and until he had been convicted of the main offense. Defendant further specifically claims he was not properly informed of his legal right to have counsel

appointed to represent him and paid for by the county in the event he was financially unable to hire counsel. Further, that prior to the acceptance of his plea of guilty by the court, he had not been properly informed of the maximum penalty that could be exacted under the law, *i. e.*, that he was told that the maximum penalty would be 4–1/2 years but was not informed that the sentence would commence to run after he had completed serving his then present sentence which had nearly a balance of 10 years yet to run. He states that he found this out for the first time just a few seconds before he was sentenced and only after he questioned the court concerning the same. Defendant also claims that he was not asked to identify himself as the same and identical person as charged in the information with respect to the commission of the first offense in accordance with CLS 1961, § 769.13 (Stat Ann 1954 Rev § 28.1085).

The proceedings held on the defendant's arraignment in the circuit court appear in the record as follows:

"*Mr. Hill:* This is the case of the People versus John D. Cairns on a charge of escaping prison, file number 17437. What is your age?

"*The Defendant:* 28.

"*Mr. Hill:* And where were you born?

"*The Defendant:* Sault Ste. Marie, Michigan.

"*Mr. Hill* (reading information): 'State of Michigan, * * *'

"*The Court:* Have you had an opportunity to talk to any lawyer about this matter?

"*The Defendant:* No, sir.

"*The Court:* And do you wish to have an attorney to advise you?

"*The Defendant:* No, sir.

"*The Court:* I inform you that if you are not financially able to hire a lawyer, the court *can*

appoint one at the county's expense to advise you. Do you wish the court to appoint an attorney to advise you?

"*The Defendant:* No, sir.

"*The Court:* I inform you that you are entitled to a trial by jury. Do you request a trial by jury?

"*The Defendant:* No, sir.

"*The Court:* Do you understand the information which the prosecuting attorney has read to you?

"*The Defendant:* Yes, sir.

"*The Court:* And to that information what do you plead?

"*The Defendant:* Guilty.

"*The Court:* You have entered a plea of guilty because you did the things that are stated in the information?

"*The Defendant:* Yes, sir.

"*The Court:* Have you entered your plea of guilty freely and voluntarily?

"*The Defendant:* Yes, sir.

"*The Court:* Has anyone caused any pressure to be brought against you to cause you to enter a plea of guilty?

"*The Defendant:* No, sir.

"*The Court:* Has anyone unduly influenced you to plead guilty?

"*The Defendant:* No, sir.

"*The Court:* Has anyone having any apparent authority promised you that the court would be lenient with you if you entered a plea of guilty?

"*The Defendant:* No, sir.

"*The Court:* You understand that by entering a plea of guilty, you submit yourself to the judgment and discretion of this court as to whether you may be sentenced to prison for a maximum term of four and one-half years, this being charged as a second offense, you understand that?

"*The Defendant:* Yes, sir.

"*The Court:* Under such circumstances your plea of guilty will be accepted and you will be returned to the custody of the warden until Thursday after-

noon when your case will be finally disposed of. That's all." (Emphasis supplied.)

The proceeding at the sentencing of the defendant dated November 6, 1958, appears in the record as follows:

"*Mr. Quinnell:* In file 17437, the People of the State of Michigan versus John D. Cairns, the defendant having pleaded guilty to the crime of escaping from prison, the People move for sentence.

"*The Court:* You have entered a plea of guilty of breaking prison. Is there anything that you care to say before sentence is imposed upon you, or any reason why sentence should not now be imposed?

"*The Defendant:* Yes, Your Honor, I would like to know if this sentence of escape will run concurrently with my old sentence?

"*The Court:* No, under the statute last passed dealing with this subject, it provided that such sentence should be commenced at the end of the sentence which you are now currently serving.

"*The Defendant:* Would you be lenient on me?

"*The Court:* Well, we've got to discourage these people making these escapes. It's costing the taxpayers, the county, the State, a lot of money and it causes a lot of work.

"*The Defendant:* By your disciplining me there's no discouragement there to other men. If they're going to escape, they're going to escape, regardless of what you give me.

"*The Court:* I have conferred with the officer regarding your matter, and it is the judgment of this court that you be confined to the State house of correction and branch prison in the Upper Peninsula at Marquette, Michigan, under the provisions of the Michigan penal code and the Michigan code of criminal procedure, and the amendments thereto. I fix the minimum term of your imprisonment at two and one-half years, and the maximum at four and one-half years, such term to be commenced at the

end of the sentence which you are now serving, and I leave it up to the probation officer as to whether you be required to serve more than the minimum of two and one-half years. That's all."

The minimum requirements that had to observed in Michigan at time of sentence to comply with due process upon arraignment and sentencing were contained in Court Rule No 35A, § 2 (1945), effective September 1, 1947,* as follows:

"Sec. 1. Arraignment. If the accused is not represented by counsel upon arraignment, before he is required to plead the court shall advise the accused that he is entitled to a trial by jury and to have counsel, and that in case he is financially unable to provide counsel the court will, if accused so requests, appoint counsel for him. If the accused states he will procure counsel or requests that counsel be appointed, a reasonable time thereafter shall be allowed for counsel to consult with the accused before his plea shall be taken.

"Sec. 2. Imposing sentence. If the accused pleads guilty, after such plea and before sentence the court shall inform the accused of the nature of the accusation and the consequence of his plea; and regardless of whether he is represented by counsel, the court shall examine the accused, not necessarily under oath, and as a condition of accepting the plea of guilty and imposing sentence shall ascertain that the plea was freely, understandingly and voluntarily made, without undue influence, compulsion or duress, and without promise of leniency. Unless the court determines that the plea of guilty was so made, it shall not be accepted."

The court on arraignment stated to defendant: "I inform you that if you are not financially able to hire a lawyer, the court *can* appoint one at the court's expense to advise you. Do you wish the

---

* See. 318 Mich xxxix.—REPORTER.

court to appoint an attorney for you?" The word used in the court rule in this regard is "will" indicating a certain rather than an optional action of appointing counsel if the request is made. The court under such rule is required to determine that defendant's plea of guilty was made freely, voluntarily, and understandingly. (Also required by statute CL 1948, § 768.35 [Stat Ann 1962 Rev § 28-.1058].) However, in informing defendant of the consequences of a plea of guilty the court failed to state that the sentence would be one that would be served consecutively rather than concurrently with the sentence that he was then serving. The sentence being one that would be served at a later time or served consecutively was a vital factor in the consequences or maximum penalty that could be exacted under the law. Defendant not being properly informed of the penalty at any time before the court accepted his plea, we conclude, that the plea of guilty was made at a time when defendant was not fully informed of the maximum penalty or consequences and therefore not understandingly made. Under the circumstances we rule that defendant has not been afforded due process.

Defendant claims that the judgment of conviction should be set aside because of the failure of the court to follow the procedural steps set forth in CLS 1961, § 769.13 (Stat Ann 1954 Rev § 28.1085) in that he was never questioned of his identity as being one and the same person who was found guilty of the prior conviction of 1953 nor was he advised of his rights. A perusal of the record discloses that defendant is correct and in accord with the cases of *People* v. *Brown* (1931), 253 Mich 537 (82 ALR 341), and *In re Wall* (1951), 330 Mich 430, the conviction and sentence must be set aside.

The method of procedure followed by the people in this case is also questioned by defendant. The

information charged defendant with the main
offense and also charged it as a second felony.. In
the case of *In re Brazel* (1940), 293 Mich 632, the
court approved this practice on pp 640, 641, using
the following language:

"It is the contention of the respondent that it was
mandatory for the prosecutor to proceed by supple-
mental petition in order to augment his punishment
for prior convictions by supplemental information
under the provisions of CL 1929, § 17341 (Stat Ann
§ 28.1085).

"We do not think respondent's rights could be
any more safely guarded by supplemental informa-
tion than was done in the instant case. Each of the
three prior convictions was set forth in detail in the
information, as well as in the complaint, examina-
tion thereon being expressly waived. All of the
proceedings show that he was definitely informed
of the precise nature of the accusations made against
him and that he was conversant with the law with
reference to his rights as a fourth offender.

"We hold that it is not necessary to file a supple-
mental information where said previous convictions
are known to the prosecuting attorney at the time
of the filing of the information and are fully detailed
therein, and that the intent and purpose of the
statute are fully served by setting forth in the
original information the previous convictions in
detail, as well as the offense charged therein. The
very wording of the section of the statute under
consideration clearly so indicates:

" '*If at any time after conviction and either before
or after sentence,* it shall appear that a person con-
victed of a felony has previously been convicted of
crimes as set forth in any of the three foregoing sec-
tions, it shall be the duty of the prosecuting attorney
of the county in which such conviction was had to
file an information in such cause accusing the said
person of such previous convictions.' CL 1929,
§ 17341 (Stat Ann § 28.1085)."

In the case of *People* v. *Smith* (1941), 296 Mich
176, the court questioned the fairness of following
such a practice by stating on pp 180, 181, as follows:

"We acknowledge some justification for the claim
that reading to the jury the allegations of the in-
formation charging previous convictions might
poison the minds of the jury at the outset of the trial.
Its effect in swinging the balance toward conviction
where the evidence on the merits of the new crime
is weak or doubtful cannot be overlooked. Where
the previous conduct has no circumstantial bearing
on the crime charged, one may question whether the
practice of alleging the previous convictions in the
same indictment as is permitted by statute (CL
1929, § 17338 *et seq.* [Stat Ann § 28.1082 *et seq.*])
conforms to the standard of fair play required by
the due process clause of the Fourteenth Amend-
ment to the Constitution of the United States or
the comparable provision of the Constitution of the
State of Michigan (art 2, § 16). The attorney
general concedes that the method may be subject to
criticism, and states in his brief that he, the warden
of the southern prison, and the crime commission
are pledged to sponsor a bill before the next legis-
lature to correct some of the 'apparent injustices'
of the procedure. The practice has been condoned
in previous decisions of this Court: *People* v. *Camp-
bell,* 173 Mich 381; *People* v. *Roth,* 228 Mich 447;
*People* v. *McDonald,* 233 Mich 98; *In re Brazel,* 293
Mich 632; *People* v. *Neaton,* 294 Mich 134. A com-
plete discussion of the law in other jurisdictions
may be found in *People* v. *Gowasky,* 244 NY 451
(155 NE 737, 58 ALR 9), and the annotation at 58
ALR 20, 'Constitutionality and construction of
statute enhancing penalty for second or subsequent
offense.' A leading case is *People* v. *Sickles,* 156
NY 541 (51 NE 288), discussed in *People* v. *Mc-
Donald, supra.* Even if our disapproval of the
method were to lead to a conclusion that constitu-
tional safeguards were denied, CL 1929, § 17290

(Stat Ann § 28.1016), precludes reversal of the judgment because of the failure to make timely objection to the form of the indictment and its reading:

" 'No indictment shall be quashed, set aside, or dismissed * * * nor shall any conviction be set aside or reversed on account of any defect in form or substance of the indictment, unless the objection to such indictment, specifically stating the defect claimed, be made prior to the commencement of the trial or at such time thereafter as the court shall in its discretion permit.' "

In the case of *People* v. *Burd* (1965), 1 Mich App 178, the Court stated in reference to the *Smith Case, supra,* on p 183 the following:

"The Court's disapproval of this method was clear, although it held that failure to make timely objection to the form of the information and its reading precluded reversal of the conviction.

"The language of *Smith* will have to remain *dictum.* Keith Burd has not yet been tried; the minds of his jurors have not yet been exposed to any potentially poisonous information. Reference to his prior conviction may quite properly seep into the record of Burd's trial on the issue of escaping prison. The jury may reasonably conclude that one charged with escaping prison was previously convicted of a criminal offense. The defendant may elect to testify in his own behalf and suffer the people's efforts to impeach his credibility. We see, however, no valid reason for allowing the information to provide evidence of past criminality when to do so might jeopardize constitutional rights.

"We are of the opinion that the Michigan Supreme Court's avowed disapproval of the reading of the information in the *Smith Case* is sufficiently strong to warrant granting the motion, here timely made, for amendment of the information. Accordingly, the order of the circuit court denying appellant's

motion is reversed. The information should be amended so as to insure that it will not place before the jury the accused's past criminal record prior to the jury's finding of guilt or innocence on the charge of escaping prison."

It appears to this court that the better procedure to follow in such cases in the future would be to proceed *after conviction* as CLS 1961, § 769.13 (Stat Ann 1954 Rev § 28.1085) clearly provides and by filing a separate information charging the previous convictions.

The plea of guilty is set aside, sentence vacated, and the case remanded to the circuit court for such further proceedings as may be required.

FITZGERALD and GILLIS, JJ., concurred.