## TORREY v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. January 18, 1922.)

No. 3743.

Intoxicating liquors ⟨⟩242—Unless specially prescribed, imprisonment not authorized for first offense against Prohibition Act.

Under National Prohibition Act Oct. 28, 1919, tit. 2, §§ 25, 29, a sentence to imprisonment is not authorized on a first conviction for possessing liquor or property designed for the manufacture of liquor intended for use in violation of the act.

In Error to the District Court of the United States for the Southern District of Mississippi; Geo. W. Jack, Judge.

Criminal prosecution by the United States against Walter Torrey. Judgment of conviction, and defendant brings error. Conviction affirmed, sentence vacated, and case remanded for proper sentence.

James A. Teat, of Jackson, Miss. (A. M. Pepper, of Lexington, Miss., and Chalmers Potter, of Jackson, Miss., on the brief), for plaintiff in error.

Julian P. Alexander, U. S. Atty., of Jackson, Miss. (H. McK. Fulgham, Asst. U. S. Atty., of Jackson, Miss., on the brief), for the United States.

Before WALKER, BRYAN, and KING, Circuit Judges.

PER CURIAM. On a verdict finding the plaintiff in error (herein referred to as the defendant) guilty on counts 3 and 5 of the indictment the court sentenced him to pay a fine of $100 and all costs, and to be confined in the Hinds county jail at Jackson, Miss., for the period of 90 days from the date of the sentence. The third count charged that the defendant, at a time and place stated, "did knowingly and unlawfully possess intoxicating liquor, to wit, whisky, contrary to the form of the statute in such case made and provided." The fifth count charged that, at a time and place stated, the defendant "did knowingly, unlawfully, and feloniously have and possess property designed for the manufacture of intoxicating liquors intended for use in violation of the National Prohibition Act, to wit, an apparatus for distilling intoxicating liquors, contrary to the form of the statute," etc.

The assignments of error are based upon the action of the court in overruling a motion to exclude all the evidence offered in behalf of the government, and in refusing a requested instruction to the jury to find for the defendant. We are of opinion that the direct and circumstantial evidence adduced supported a verdict of guilty on the two counts mentioned, and that there was no error in the rulings complained of. The record does not indicate that, prior to the commission of the offenses of which the defendant was found guilty, he had been guilty of either of those offenses. On his first conviction of those offenses, he was not subject to be punished by imprisonment. National Prohibition Act, §§ 25, 29, 41 Stat. 305.

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The judgment of conviction is affirmed. The sentence imposed is vacated, and the cause is remanded, to the end that the defendant be sentenced as authorized by law.