### UNITED STATES ex rel. MANCHBACH v. MOORE, United States Marshal.

(District Court, E. D. New York. November 21, 1924.)

**1. Indictment and information ☞114—To authorize punishment as second offender, prior conviction must be pleaded in indictment or information.**

Under Prohibition Act, tit. 2, § 29 (Comp. St. Ann. Supp. 1923, § 10138½p), prescribing punishment for a second or subsequent violation of the act, and requiring the prosecuting officer to ascertain whether the defendant has been previously convicted and to plead the prior conviction before a defendant can be punished as a second or subsequent offender, the indictment or information must charge him as such second or other offender.

**2. Indictment and information ☞114—Indictment or information for second offense should set out prior conviction and sentence.**

An indictment or information under Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), charging defendant with a second or subsequent offense, should set out plainly such charge with the facts of his prior convictions and the sentences imposed thereon.

Habeas Corpus. Petition by the United States, on relation of Morris Manchbach, against Jesse D. Moore, United States Marshal, for writ of habeas corpus. Writ granted.

Alexander S. Drescher, of Brooklyn, N. Y. (Harold J. Drescher, of Brooklyn, N. Y., of counsel), for relator.

Ralph C. Greene, U. S. Atty., of Brooklyn, N. Y. (Howard Osterhout, Asst. U. S. Atty., of Mineola, N. Y., of counsel), for respondent.

INCH, District Judge. This is a habeas corpus proceeding. The material facts are as follows: On October 28, 1924, the relator, Morris Manchbach, appeared before me, charged, in an information, with two violations of the National Prohibition Act, illegal possession and illegal transportation of intoxicating liquor. No charge, or allegation indicating same, was in this information that defendant was anything but a first offender.

Defendant was represented by counsel and pleaded guilty, and it became the duty of the court to impose a proper sentence.

A police officer, employed by the city of New York, and who had sworn to the affidavit on which said information was based, was present, and the court, in the presence of said defendant and his counsel, inquired of said police officer as to the circumstances of the violations, and said police officer then presented to the court a record of this defendant, which is more fully set forth in the return to the writ.

This record shows that this defendant has been a consistent and continuous violator of the law since 1920. In 1920 he was arrested four times for violation of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). As to three of these charges apparently no disposition has been made, as to the fourth he pleaded guilty to the charge of illegal possession and transportation of intoxicating liquor and was fined $500. In 1921 he was arrested twice for violation of the National Prohibition Act. One of these charges is apparently yet undisposed of, and on the other he was convicted and sentenced to one year's imprisonment and a fine of $1,000. In 1922 he was arrested twice for violation of the National Prohibition Act. To the charge of possession, manufacturing, and sale he pleaded guilty and was fined $500. To the other, manufacturing, he pleaded guilty and was fined $500. In 1923 he was arrested twice for violation of the National Prohibition Act, once for operating a still, and the other charge is not specifically set forth, and each case seems to be pending. In 1924, prior to the case at bar, he was arrested for transporting whisky, and said charge is apparently undisposed of. In addition to the above violations of the National Prohibition Act, there appears several charges of violations of other laws and police regulations including one as to bribery. Several of these violations occurred in the state of New Jersey.

It is thus apparent that, eliminating all pending or otherwise undisposed of cases, this defendant, on pleading guilty to the present charge of possession and transportation, was admittedly and in fact a third offender as to possession and a second offender as to transportation, for he had pleaded guilty to possession in 1920 and 1922 and been fined $500 each time, and was now pleading guilty to possession in 1924. He had pleaded guilty to transportation in 1920 and been fined $500, and was now pleading guilty to transportation in 1924.

This record was laid before the defendant and his attorney by the court, and there was

no issue raised whatever either as to the convictions or to the identity of the defendant. They were admitted. Accordingly here, if there ever was one, appeared to be a flagrant offender, and the question of proper sentence, which is always before the court, under circumstances of conviction or plea of guilty, became most important.

[1] This case was considered by the court, therefore, a proper case to decide the question, often heretofore arising in this district, as to the right of a court to punish for such admittedly committed prior offenses, on a plea of guilty, where neither in an indictment or information a charge of second or other offender was made. It goes without saying that if either the fact of the commission of a former crime by the defendant or his identity therewith, which usually amounts to the same thing, was disputed, the defendant would be entitled to a jury trial of such issue. Where there is no such dispute and where there is nothing left to be tried, the right of this court to impose a sentence greater than for a first offense is therefore plainly presented.

Section 29 of the National Prohibition Act, tit. 2 (section 10138½p), so far as applicable to the present charges, provides as follows: "Any person * * * shall be fined for a first offense not more than $500; for a second offense not less than $100 nor more than $1,000, or be imprisoned not more than ninety days; for any subsequent offense he shall be fined not less than $500 and be imprisoned not less than three months nor more than two years."

The defendant being a third offender as to possession, if it were proper to do so, must receive at least the minimum penalty of $500 and three months' imprisonment. For the second offense of transportation he should be fined not less than $100 nor more than $1,000, or be imprisoned not more than 90 days. No objection being raised, he was sentenced by the court to pay a fine of $500, and to be imprisoned for three months for the third offense of possession, and was fined $1,000 for the second offense of transportation. Defendant was then taken into custody because of the aforesaid jail sentence, a writ of habeas corpus was allowed by this court, with bail fixed at $1,000, which was furnished. Ex parte Wilson, 114 U. S. 417, 5 S. Ct. 935, 29 L. Ed. 89.

The question now raised by the petition and the return, and now to be decided, is whether or not the above sentence, as a previous offender, can stand, or whether this sentence was improper and must be set aside

and the defendant released and resentenced as a first offender only, in which case the maximum penalty would be $500 on each charge and no imprisonment.

It needs no citation of authority to state that in the state court those other than first offenders must be indicted as such. People v. Sickles, 156 N. Y. 541, 51 N. E. 288; People ex rel. Cosgriff v. Craig, 195 N. Y. 190, 88 N. E. 38; People v. Rosen, 208 N. Y. 169, 101 N. E. 855. Furthermore, it would appear that had the convictions for these misdemeanors occurred in the state court, defendant could be adjudged a habitual criminal. Section 1020, N. Y. Penal Law; section 510 N. Y. Code of Criminal Procedure. Nor is there any doubt that the proper practice is to indict or to inform against as a second offender, in the federal court. Singer v. U. S. (C. C. A.) 278 F. 415; Massey v. U. S. (C. C. A.) 281 F. 293; Nosowitz v. U. S. (C. C. A.) 282 F. 575; McCarty v. U. S. (C. C. A.) 1 F. (2d) 28. Whether by indictment or information depends on the punishment that may be imposed. Criminal Code U. S. § 335 (Comp. St. § 10509); Ex parte Wilson, supra; Cleveland v. Mattingly, 287 F. 948, 52 App. D. C. 374.

It also seems to be conceded that even in this case such procedure would have to be followed had a question been raised by defendant as to the facts of prior convictions or defendant's identity. However, it is urged here with some force, by the United States attorney, that where there is no dispute as to the facts of the prior convictions and defendant's identity therewith and on a plea of guilty the defendant freely admits these prior convictions and this identity, that the law does not require in such cases that the prior convictions appear in the information or indictment and that any right of defendant to have same alleged and charged is waived.

After careful consideration, and upon investigation of the cases cited by the present counsel for defendant in his able brief, and other cases related thereto, I find myself unable to agree with this contention of the government. While the charge of second offender does not constitute a different crime from the one charged in the indictment or the information on trial (Massey v. U. S., supra, at page 298), and while it is not only proper but familiar practice for a court before imposing sentence to consider facts which may lead to the imposition of a just sentence, yet such sentence must always and only be within the limits of punishment pre-

scribed by the statute for the crime charged, and the difficulty in this case, and in others that may be similar, is that here the other offenses must by statute increase punishment, and there is no discretion that can be exercised by the court, except within the limits of such increased punishment, and which results from allegations of fact, not made a part of the crime charged, and to which the defendant pleads guilty. The aggravating circumstance of repeated violation becomes an integral part of the crime charged.

Such allegations of fact as to other crimes, when not pleaded, thus remain something entirely outside the record and only appear after a specific crime has been charged and a plea thereto accepted.

The following comment, on a state of facts similar to the present case, in the state court, and appearing in the case of People v. Rosen, supra, at page 173 (101 N. E. 855), may not be out of place:

" * * * If the convicted person chooses to deny his former conviction or declines to answer questions concerning the same, there is no way in which the court can investigate the subject, because of course it is not to be thought that under this section the court might pursue an ex parte investigation without notice for the purpose of securing information upon which to base a judgment of habitual criminality. Thus it would follow that really a penalty would be inflicted on a person willing to admit a former conviction and a premium placed on the dishonesty or silence of one who refused to admit it."

Torrey v. U. S. (C. C. A.) 278 F. 177, and also see Nosowitz v. U. S., supra, where Judge Manton states: "There is no evidence in the record showing that plaintiffs * * * had previously been convicted of any other offense."

The further argument of the United States attorney is that, at the most, the failure to plead prior violations can only be considered as "a neglect of duty on an administrator's part," and that such neglect should not invalidate a sentence. I do not so construe the words of section 29. The said section contains the following: "It shall be the duty of the prosecuting officer to ascertain whether the defendant has been previously convicted and to plead the prior conviction in the affidavit, information, or indictment."

It seems to me this is far from saying that the prior offense need not appear in the information or indictment before a sentence

based on same can be imposed. What this portion of the section seems to me to mean is that it was considered so important that second and third offenders should be adequately punished, that, going on the theory "what is everybody's business is nobody's business," Congress has singled out the United States attorney as the one person whose duty it is to see that such violator of the law is properly indicted or informed against. The court fully appreciates that in many cases this involves investigation and oftentimes useless information. Nevertheless, in many cases a clear and competent record can be easily obtained, either from the police department of the city or from the federal officers, and in such cases it would seem not only advisable but an imperative duty not to allow men of the class of this defendant to repeatedly appear and be punished by the sentence of a first offender.

The words of Judge Cullen, at page 197 (88 N. E. 40), in People ex rel. Cosgriff v. Craig, supra, seem to apply: "It is sufficient to say that in cases of doubtful construction or of conflicting statutory provisions, that interpretation should be given which best protects the rights of a person charged with an offense, to a trial according to the common law."

[2] Accordingly, it is my opinion that before a defendant can be punished, as a second or other offender, he must either first be convicted under, or plead guilty to, an indictment or information, which plainly charges him as such second or other offender, and that such indictment or information should set out plainly such charge with the facts of his convictions of said offenses, and it would seem to me proper that his sentence thereon should also be set out, for prior or convictions, without sentence, give no authority to impose punishment as a second offender. Singer v. U. S., supra; Blackmore on Prohibition, p. 416; U. S. v. Lindquist (D. C.) 285 F. 447.

They should also be actual previous violations, not one simply arising out of the same state of facts on which the crime charged is based, for it is the disregard for the law shown by prior violations of it that aggravates the crime charged. The case first reached is not the test.

To be sure, in the case of McCarty v. U. S., supra, the court discusses certain defects which may be waived by failure to object, but would seem to leave the question open as to what would happen if such objection was made, and for this reason it seems to

me that all the facts, showing a completed transaction, might better be set forth.

The district attorney is permitted to read to the jury an indictment containing such allegations. Massey v. U. S., supra.

As therefore there was nothing in this record to show that this defendant, when he pleaded guilty, was a second or other offender, it seems to me that he appeared as a first offender only, and that there was no waiver of rights so far as the crime charged was concerned, and that this charge was the sole charge before the court.

Therefore the sentence imposed on this defendant was improper, and the writ must be sustained and said sentence set aside. The defendant should appear before this court, at a time fixed in the order to be entered hereon, for the imposition of a proper sentence as a first offender.