THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHARLES TAYLOR, Relator, *v.* EDGAR S. JENNINGS, as Warden of the State Prison at Auburn, New York, Respondent.

Supreme Court, Cayuga County, July 27, 1929.

*Charles Taylor*, in person, in favor of the writ.

*Hamilton Ward, Attorney-General [Richard T. Anderson* of counsel], for the respondent, opposed.

*Charles D'Angelis, District Attorney*, in opposition to the writ.

KNAPP, J.   A writ of habeas corpus was issued by a justice of this court upon the verified petition of the relator to inquire into the legality of his detention by the warden of the State Prison at Auburn.

On the 7th day of June, 1926, the relator, Charles Taylor, alias Charles Gottsegen, was arrested in the city of Utica, Oneida county, N. Y., charged with the crimes of burglary in the third degree and petit larceny.

On August 12, 1926, the relator waived the action of the grand jury under section 222 of the Code of Criminal Procedure as it then existed.   He was charged with burglary in the third degree and petit larceny as a second offender.   To that charge he pleaded guilty and was sentenced to the New York State Prison at Auburn for a term of fifteen years.

On December 4, 1926, the relator was again brought before the committing magistrate, his former sentence revoked, and he was resentenced to the same place of confinement for the term of ten years.

Section 222 of the Code of Criminal Procedure having been declared unconstitutional, the relator sued out a writ of habeas corpus and was returned to Oneida county for indictment and trial for the same offense.

On January 23, 1929, the relator was indicted by the grand jury of Oneida county for the crime of burglary in the third degree and, in a separate count, for petit larceny, but in neither of said counts as a second offender.

On January 25, 1929, he was arraigned upon such indictment, the petit larceny count was dismissed and he pleaded not guilty to the burglary charge.

On February 18, 1929, the relator was tried on the burglary count.   He was convicted and on February 22, 1929, he was arraigned for sentence and when asked as to whether or not he had been previously convicted of a crime, declined to answer.

On February 23, 1929, an information was filed by the district attorney of Oneida county, under section 1943 of the Penal Law, charging that the relator was a second offender and had been

previously convicted of a felony in this State. This was done preliminary to a trial by jury of the identity of the relator and a prior conviction of a felony. The relator then, under oath, admitted a previous conviction of a felony, to wit, burglary, and on the 25th day of February, 1929, the relator was again sentenced to Auburn State Prison for a period of ten years, and it is upon this sentence and commitment that the relator is now held by the warden of the State Prison at Auburn.

The contention of the relator here is that section 1943 of the Penal Law, under which information was laid by the district attorney for Oneida county as to his being a second offender, did not become a law until July 1, 1926; that the crime with which he was charged and indicted was committed on the 7th day of June, 1926, and that he was not charged in the indictment under which he was tried as a second offender, and, therefore, that the provisions of section 1943, as to him, are *ex post facto*, and that his punishment under his conviction for burglary in the third degree should have been a sentence of not to exceed five years.

At the time of the commission of the offense the punishment for burglary in the third degree for a first offender was for a term not exceeding five years. (Laws of 1892, chap. 662, § 507, ¶ 3.)

The punishment for a second offense of a committed felony, as it existed at the time of the commission of this offense, and so far as it applies to the crime of burglary in the third degree, was a sentence to imprisonment for a term not less than the longest term and not more than twice the longest term prescribed upon a first conviction. (Laws of 1920, chap. 571.)

If this defendant had been charged as a second offender in the indictment and had been convicted as such under the law as it then stood, his sentence for a period of ten years would have been justified by the statute already quoted.

On July 1, 1926, section 1943 of the Penal Law went into effect. It provided for a different method of determining whether or not the defendant was a second offender. Under the new provision of the statute the district attorney could file an information with the court alleging that the person accused had been previously convicted of a felony, and upon that information a jury would have been drawn to determine whether or not the accused had been previously convicted of a felony and, if so, was the accused the same person so convicted.

Section 1941 of the Penal Law, taking effect on the same day, did not increase by its terms the term of imprisonment for which this defendant could have been sentenced, having been previously convicted of a felony in this State. So that by no provision of the

statute taking effect on July 1, 1926, was the defendant's term of imprisonment increased, neither was he obliged to suffer additional punishment by reason of the new statute in effect. It did not change the method of procedure from that which had previously existed. It did, however, add to the statute another method of procedure. A district attorney now has, as he then had, the right to elect whether to accuse the defendant, charged in an indictment with the commission of a felony, with being a second offender, or whether to indict the accused as a first offender and, if a conviction was secured, then upon his sentence to determine, either by his own admission, or by trial, whether or not he had been previously convicted of a felony in this State. Either method of procedure reached the same conclusion and the district attorney had the right to make his election as to which course he would pursue. (*People* v. *Gowasky*, 244 N. Y. 451.)

In the case last cited the court, discussing the effect of section 1943 of the Penal Law, said: " The indictment may charge only the new offense for which the prisoner is to be tried; on the trial the People will not and cannot offer as part of their case previous convictions. When, however, the trial is over, and the defendant stands convicted, then the previous record must be considered in determining the sentence. Prior convictions logically and in fact have little or nothing to do with proof of the defendant's guilt of a new crime; a man is not guilty of breaking the law merely because he has broken it before; but when the proof shows him to be guilty, then his past acts have much to do with the way he should be treated. The punishment for the second offense is increased because of his apparent persistence in the perpetration of crime and his indifference to the laws which keep society together; he needs to be restrained by severer penalties than if it were his first offense."

The Constitution of the United States (Art. I, § 9, ¶ 3, and § 10, ¶ 1) forbids the passing of any *ex post facto* law either by the National Government or by the States.

An *ex post facto* law has been defined as follows:

1. Every law that makes an action, done before the passing of the law and which was innocent when done, criminal, and punishes such action.

2. Every law that aggravates the crime or makes it greater than it was when committed.

3. Every law that changes the punishment and inflicts a greater punishment than was annexed to the crime when committed.

4. Every law that alters the legal rules of evidence and permits the reception of less or different testimony than the law required at

the time of the commission of the offense in order to convict the offender. (*Calder* v. *Bull*, 3 Dall. 386; *Kring* v. *Missouri*, 107 U. S. 221; *Hartung* v. *People*, 22 N. Y. 95.)

This case does not fall within the definitions above cited. The punishment that might have been imposed for the violation of the law has not been changed. The rules of evidence necessary to prove the crime have not been changed. The method of procedure has not been changed. Nothing has been changed regarding the punishment of the offense from what it was at the time of its commission by the defendant. What has been done is the addition of a new method of determining, not whether the defendant was guilty of the crime charged, but whether he had at some previous time committed a felony.

The reduction of a sentence by a subsequent law does not make that law *ex post facto*. (*People* v. *Hayes*, 140 N. Y. 484.)

A statute regarded as one merely regulating procedure is applicable to crimes committed prior to its passage. (*People* v. *Qualey*, 210 N. Y. 202.)

" The propriety of inflicting severer punishment upon old offenders has long been recognized in this country and in England. They are not punished the second time for the earlier offense, but the repetition of criminal conduct aggravates their guilt and justifies heavier penalty when they are again convicted." (*Graham* v. *West Virginia*, 224 U. S. 616; *People* v. *Sickles*, 156 N. Y. 541; *People ex rel. Berger* v. *Warden of Workhouse*, 176 App. Div. 602.)

*People ex rel. Liebowitz* v. *Warden of New York County Penitentiary* (186 App. Div. 730) was a case quite similar in facts to the one here in question in which the court decided adversely to the claims of the relator.

The relator has been denied no substantial right to which he was entitled. The writ must be dismissed and the relator remanded to the custody of the warden of Auburn State Prison to serve out the sentence imposed upon him.