## UNITED STATES v. NOEL.

District Court, S. D. Alabama.

May 23, 1931.

Alex C. Birch, U. S. Dist. Atty., and D. R. Coley, Jr., Asst. to Dist. Atty., both of Mobile, Ala.

Robert T. Ervin, Jr., of Mobile, Ala., for defendant.

ERVIN, District Judge.

The defendant was indicted for selling less than one gallon of liquor, and the indictment charged that he had been found guilty in this court for a previous violation of the Volstead Act on March 3, 1925. The indictment was returned March 12, 1931, charging sale November 8, 1930. The defendant pleaded guilty, and the question arises as to the punishment to be imposed.

This requires an examination of the provisions of the Volstead Act, as amended by the Jones Act and as further amended by the Act of January 15, 1931 (27 USCA § 91).

Section 29 of title 2 of the Volstead Act (27 USCA § 46), in its first paragraph, imposes special penalties for the manufacture or sale of liquor.

The second paragraph imposes penalties for such violations of the act for which no special penalty is provided, which includes transportation, importation, exportation, and possession.

In each of these paragraphs provision is made for second and subsequent offenses, and the penalties for such are prescribed.

In the second paragraph it is said: "It

shall be the duty of the prosecuting officer to ascertain whether the defendant has been previously convicted and to plead the prior conviction in the affidavit, information, or indictment."

The Jones Act (27 USCA §§ 91, 92), was then passed which raises the penalties for manufacture, sale, transportation, importation, and exportation, and prescribes special penalties for transportation, importation, and exportation, where ·none had been previously prescribed.

The second section of the Jones Act says: "Section 91 shall not repeal nor eliminate any *minimum* penalty for the *first* or *any subsequent* offense provided by this title." (Italics mine.)

The question arises, What effect does the Jones Act have on the provisions of the original statute, as to second and subsequent offenders as to manufacture, sale, transportation, importation, and exportation?

It will be noticed that the first section of the Jones Act says: "*Whenever* a penalty or penalties are prescribed in a criminal prosecution by this *title,* for the illegal *manufacture, sale, transportation, importation,* or *·exportation* of intoxicating liquor * * * the penalty imposed for *each* such offense ·shall be a fine not to exceed $10,000 or imprisonment not to exceed five years, or both." (Italics mine.)

■ Certainly there is in the title a penalty prescribed for second and subsequent offenders, for the manufacture, sale, transportation, importation, and exportation of liquors, and certainly, also, if we give the word "whenever" its ordinary meaning, it ·covers the penalties for second and subsequent offenders as well as those prescribed for first offenders.

Did .the Congress intend the Jones Act to have this effect?

Certainly in passing such act they considered the provisions of the Volstead Act as to. the punishment of second and subsequent offenders, for it expressly provides that the *minimum* penalties so provided for by said₁ act should not be repealed or eliminated.

. , Does not this show that they did intend to repeal and eliminate the maximum penalties so provided for .first, second, and subsequent offenders, and substitute for them the penalties therein imposed?

Again, if we are to leave the provisions of section 29 of title 2 of the Volstead Act (27 USCA § 46) intact as to the punishment

of second and subsequent offenders, then we have a very novel and unusual result where a first offender who makes or sells liquor may be fined $10,000, but, if he makes or sells it again, he can be fined only $2,000, for the same section makes it the duty of the prosecuting officers to plead the prior conviction, and the act says the offender may be fined not more than $2,000.

The provisions for punishing second and subsequent offenders for transportation would be much more grotesque.

Under the Jones Act, a violator may be fined $10,000 or imprisoned five years for the first offense, but under title 2, section 29, for a subsequent offense, he could be fined not less than $100 or imprisoned not more than two years. It cannot be presumed that Congress intended any such absurd result.

I, therefore, conclude that the meaning was to give the word "whenever," as used in the Jones Act, its ordinary meaning, and raise the imprisonment in all cases to that fixed in the Jones Act, but to leave the minimum fine as provided in the Volstead Act, in the event a fine is imposed thereby.

■ This would leave the Volstead Act unchanged as to possession cases. Husty v. U. S., 282 U. S. 694, 51 S. Ct. 240, 75 L. Ed. 629.

The Act of January 15, 1931 (27 USCA § 91), amends the proviso of the Jones Act, but it also makes some new provisions. It says: "Any person who violates the provisions of this title, in any of the following ways: (1) by a sale of not more than one gallon of liquor * * * Provided, however, That the defendant has not theretofore within two years been convicted of a violation of this title * * * shall for each offense be subject to a fine of not to exceed $500 or to be confined in jail, without hard labor, not to exceed six months, or both." The same provision is made as to transportation of not exceeding one gallon.

Here is an entirely new classification of offenses under the prohibition law, and under the provisos named applies to both first and subsequent offenses therein provided for.

The provision that the previous conviction must have been within two years eliminates convictions beyond that time, so, if the seller be not an habitual offender, a prior conviction of, say, three years before would not require or permit a punishment except as provided in the amendment of January 15, 1931. Of course, if the defendant had been

convicted within two years of the commission of the subsequent offense or was an habitual violator, then the Act of January 15, 1931, would not apply, and the punishment would be measured by the original act as amended.

I assume that, as the district attorney is required to allege a previous conviction, he should also allege the fact of habitual violation; certainly he should allege the fact that the sale or transportation was of not exceeding one gallon of liquor.

This amendment then creates two more new offenses viz. manufacture of not exceeding a gallon of liquor by one person alone, and assisting in making or transporting not exceeding one gallon of liquor by a casual employee.

The legal machinery for the prosecution and punishment of violators of the National Prohibition Act is getting quite complicated, and the prosecuting officers and judges will have many problems to solve. I frankly confess that until this case was presented to me I have been going along and applying the provisions of the Volstead Act as to subsequent offenders, and was much confused in my first attempts to get a correct or clear idea as to what extent that act had been changed or modified by the amendments.

In the instant case I have concluded that the defendant must be punished under the Act of January 15, 1931, and I must ignore the allegation in the indictment of the conviction of March 3, 1925, as it was more than two years before the commission of the offense charged in this indictment.