## OLIVITO v. UNITED STATES.
### No. 7216.

Circuit Court of Appeals, Ninth Circuit.

Nov. 16, 1933.

A. D. Gillies, of Aberdeen, Wash., for appellant.

Anthony Savage, U. S. Atty., of Seattle, Wash., and Joseph A. Mallery, Asst. U. S. Atty., of Tacoma, Wash.

Before WILBUR and GARRECHT, Circuit Judges, and FEE, District Judge.

JAMES ALGER FEE, District Judge.

Appellant was charged by indictment in count 1 with the sale of one quart of distilled spirits on November 18, 1932, and in the second count with a like sale upon the next day. Neither count contained any allegation of previous or habitual violation of the National Prohibition Act (27 USCA § 1 et seq.). At the close of the government's case, the court dismissed the first count for lack of evidence. The appellant was found guilty on count 2, by the verdict of the jury.

The evidence showed the sale of one quart of distilled spirits. Appellant affirmatively proved he had never been convicted in any court, municipal, state, or federal, of any offense against the liquor laws, except that he admitted he was five times found guilty of possession of intoxicating liquor, in the police court of the city of Aberdeen, Wash., in a period of a year and a half ending June 9, 1927.

The appellant was sentenced to a penitentiary for thirteen months. A petition for modification of sentence was denied upon the ground that as the indictment did not affirmatively show that the defendant came within the exceptions to National Prohibition Act, as amended by Act January 15, 1931, section 91, USCA, c. 4, title 27, the burden was upon defendant to prove that he came within such exception, and to request a special instruction to the jury upon the subject, and ask for a special finding upon the subject by the jury.

It is assigned error that the sentence pronounced was excessive under the law, and that the petition for modification should have been granted. This requires a consideration of the statute governing the offense. The Jones Act of March 2, 1929 (45 Stat. 1446), provides: "Wherever a penalty or penalties are prescribed in a criminal prosecution by this title, for the illegal manufacture, sale, transportation, importation, or exportation of intoxicating liquor, as defined by section 48 [section 4] of this title, the penalty imposed for each such offense shall be a fine not to exceed $10,-000 or imprisonment not to exceed five years, or both: Provided, That it is the intent of Congress that the court, in imposing sentence hereunder, should discriminate between casual or slight violations and habitual sales of intoxicating liquor, or attempts to commercialize violations of the law."

This section was construed by the Supreme Court of the United States as adding "no new

criminal offense to those enumerated and defined in the National Prohibition Act." It was further held that no allegations were required thereby to be added to the indictments because, it was said, "the proviso is only a guide to the discretion of the court in imposing the increased sentences for those offenses for which an increased penalty is authorized by the act." Husty v. U. S., 282 U. S. 694, 702, 703, 51 S. Ct. 240, 242, 75 L. Ed. 629, 74 A. L. R. 1407.

About the time of the presentation of the Husty Case in the Supreme Court, however, the Congress amended the act by Act Jan. 15, 1931 (27 USCA § 91) in the following significant manner:

"Maximum penalties; petty offenses. Wherever a penalty or penalties are prescribed in a criminal prosecution by this title, for the illegal manufacture, sale, transportation, importation, or exportation of intoxicating liquor, as defined by section 4 of this title, the penalty imposed for each such offense shall be a fine not to exceed $10,000, or imprisonment not to exceed five years, or both: Provided, That any person who violates the provisions of this title, in any of the following ways:

"(1) by a sale of not more than one gallon of liquor as that word is defined by section 4 of this title: Provided, however, That the defendant has not theretofore within two years been convicted of a violation of this title or is not engaged in habitual violation of the same * * * shall for each offense be subject to a fine of not to exceed $500 or to be confined in jail, without hard labor, not to exceed six months, or both."

The Congress clearly abandoned the intent and language of the old section, which vested the courts with discretion and created a new classification of offenses, under the National Prohibition Act, with a strict dichotomy into felonies and misdemeanors. U. S. v. Noel (D. C.) 51 F.(2d) 139.

It is true ordinarily an indictment is not required to negative the cases falling under a proviso of an enactment. But here, definite lesser maximum penalties were provided for minor offenses, patently marking these acts as misdemeanors. Foster v. U. S. (C. C. A. 7) 47 F.(2d) 892; Aderhold, Warden v. Pace (C. C. A. 5) 65 F.(2d) 790, 791.

It is also set out that if certain characteristics are added to these acts they fall under the brand of felonies. Under such circumstances, it is certain that the indictment should allege, in order to invoke the heavier penalty, that the sale was of a quantity more than a gallon.

"The indictment ought therefore to allege whether the sale was of a gallon or less, or of more than a gallon. Without such an allegation, the trial court has no guide for determining the maximum punishment which he is authorized by law to impose. The mere sale of liquor is a misdemeanor; the sale of more than a gallon aggravates the offense into a felony. Any aggravation of an offense for which the law authorizes an increase of punishment must be stated in the indictment." Aderhold, Warden v. Pace, supra.

The logic of this decision compels the conclusion that where the aggravation relied upon consists in some circumstances other than handling liquor in greater quantities than one gallon, such as prior conviction within two years, or habitual violation, that fact must be alleged and proved before the aggravated penalty can be invoked. See U. S. v. Noel (D. C.) 51 F.(2d) 139.

In this case the indictment alleged sale of two quarts at the most, and conviction was only for the sale of one. There was no allegation of previous violation. The indictment, therefore, charged a misdemeanor.

The proof showed only sale of one quart. It showed convictions in the city court of Aberdeen, Wash., only, and these were five years previous. There was not a scintilla of evidence to prove habitual violation by defendant, since the former acts were too remote and were not prosecuted under the National Prohibition Act.

It is true the court may have had at hand other facts, not shown by the record, tending to establish habitual violation; but under the present law the discretionary power has been removed and the court is empowered to sentence only upon the findings of a jury, based upon appropriate allegations of the indictment.

The appellant only requires the case to be remanded so that a new appropriate sentence be passed. This procedure is proper and is sanctioned by authority, Husty v. U. S., supra.

Remanded for sentence.