774

**PEOPLE OF UNITED STATES ex rel. WISNIEWSKI v. HUNT, Warden.**

**Civil No. 577.**

District Court, W. D. New York.

Jan. 4, 1941.

Relator in person.

John J. Bennett, Jr., Atty. Gen., by Irene O'Sullivan, Deputy Atty. Gen., for respondent.

KNIGHT, District Judge.

The relator was convicted of burglary in the third degree on an indictment charging him as a fourth offender. The sole question involved upon this application for a writ is whether this conviction is in violation of relator's constitutional right to a fair trial, in view of the provision in Section 1943 of the Penal Law of the State of New York, Consol.Laws, c. 40, whereby after trial and conviction proof could be made of a prior conviction and sentence as a second, or fourth offender imposed thereon.

There is nothing in Section 1943 inconsistent with a trial on the charge in the indictment as a fourth offender. Section 1943 contemplates: "The indictment may charge only the new offense for which the prisoner is to be tried. On the trial the people will not, and cannot, offer as part of their case previous convictions." People v. Gowasky, 244 N.Y. 451, 155 N.E. 737, 740, 58 A.L.R. 9. It then goes on and provides the procedure for charging a defendant as a second offender under such facts. The statute reads: "May charge only the new offense." It is clearly indicated that either procedure might be followed. Obviously both can not be used. A defendant is not deprived of any of his rights upon conviction either upon trial or on proof made under Section 1943. Section 1943 was evidently enacted to provide for imposition of an additional sentence when discovery had been made of prior conviction either through the criminal trial or information obtained subsequent to such trial. It is also directed to simplifying the procedure and at the same time preserve all of a defendant's rights. As was said in People ex rel. Taylor v. Jennings, 134 Misc. 586, 236 N.Y.S. 161, 163: "It [Section 1943] did not change the method of procedure from that which had previously existed. It did, however, add to the statute another method of procedure. A district attorney now has, as he then had, the right to elect whether to accuse the defendant, charged in an indictment with the commission of a felony, with being a second offender, or whether to indict the accused as a first offender, and, if a conviction was secured, then upon his sentence to determine, either by his own admission, or by trial, whether or not he had been previously convicted of a felony in this state. Either method of procedure reached the same conclusion, and the district attorney had the right to make his election as to which course he would pursue."

Upon proceedings upon a writ of habeas corpus by this petitioner before the County Judge of the County of Wyoming, relator was remanded; upon appeal the deci-

sion there made was affirmed and the right to appeal to the Court of Appeals denied by that court. 283 N.Y. 773, 28 N.E.2d 979.

The relator must be remanded and the writ dismissed.