564

Samuel P. McChesney, Regional Atty., Department of Labor, of St. Louis, Mo., Thomas O. Moxcey, Atty., Wage and Hour Division, Maurice M. Milligan, U. S. Atty., and Richard K. Phelps, Asst. U. S. Atty., all of Kansas City, Mo., for plaintiff.

W. L. Vandeventer, of Springfield, Mo., and Phineas Rosenberg, of Kansas City, Mo., for defendant.

REEVES, District Judge.

In disposing of the above case a question arose whether severer penalties might be imposed for a second offense without appropriate averments of the fact in the indictment.

Subparagraph (a), Section 216, Title 29 U.S.C.A., is as follows: "Any person who willfully violates any of the provisions of section 215 shall upon conviction thereof be subject to a fine of not more than $10,000, or to imprisonment for not more than six months, or both. *No person shall be imprisoned under this subsection except for an offense committed after the conviction of such person for a prior offense under this subsection.*"

At a hearing on the case it was contended that the defendant had been previously convicted for a like violation under the same statute. The view was expressed that such fact would justify greater punishment, even though but informally called to the attention of the court, if, and, when, there was a con-

viction under the current charge. The courts have had repeated occasions to consider the identical question.

■ 1. The textwriters are in agreement that: "It is a general rule that in a criminal prosecution under a statute imposing a greater punishment for a second or subsequent offense than for the first, the fact that the offense charged is a second or subsequent violation must be directly averred in the indictment or information, in order to justify a conviction as for a second or subsequent offense." This language is found in Ruling Case Law, Volume 14, Section 35.

■ 24 Corpus Juris Secundum, Criminal Law, § 1580, page 100, expresses the following logical principle: "The judgment and sentence must be responsive to and based on the offense with which accused is charged."

The same volume, § 1962, at page 1156, outlines the procedure in cases of prosecutions for second and subsequent offenses: "The prosecution of accused as a subsequent offender is not for the purpose of affecting his credibility, *but for the purpose of affecting the punishment in the event of conviction,* and the prosecutor must act in good faith in drawing and filing the information *alleging accused's prior conviction of another felony than that charged and cannot proceed before the jury under the habitual criminal statutes when he has no means and intention of relying thereon."*

■ 31 C.J., § 282, p. 734, succinctly states the rule as follows: "Where, in case of repeated convictions for similar offenses, the statute imposes an additional penalty, it is generally held that an indictment for a subsequent offense must allege the prior convictions, since, it is said in some jurisdictions, such an allegation, although affecting only the punishment, is a portion of the description of the offense."

■ 2. The question involved is not left wholly to the opinion of textwriters whose duty it is to digest opinions. In the rather recent case of Olivito v. United States, 67 F.2d 564, 565, the Court of Appeals for the Ninth Circuit considered the identical question arising on a statute sustaining perfect analogy to the one now being considered. The court said: "It is true the court may have had at hand other facts, not shown by the record, tending to establish habitual violation; *but under the present law the discretionary power has been removed and the court is empowered to sentence only upon the findings of a jury, based upon appropriate allegations of the indictment."*

The court discussed the case of Aderhold v. Pace, 65 F.2d 790, 791, decided by the Fifth Circuit Court of Appeals. In that case the court was construing a like statute and said: "The indictment ought therefore to allege whether the sale was of a gallon or less, or of more than a gallon. Without such an allegation, the trial court has no guide for determining the maximum punishment which he is authorized by law to impose. The mere sale of liquor is a misdemeanor; the sale of more than a gallon aggravates the offense into a felony. *Any aggravation of an offense for which the law authorizes an increase of punishment must be stated in the indictment."*

The court cited, in support of the foregoing announcement, 1 Bishop's Cr. Law, Section 601, with the following comment: "Mr. Bishop also says that to punish one for all of a crime where only a part of it is charged is to punish him without accusation. 1 Bishop's Cr. Pro. §§ 77, 80, 84."

The court then said: "So far as we are aware, there is no authoritative decision to the contrary."

■ In view of the foregoing authorities, and, in the absence of contrary rulings, it should be held that under said Section 216, 29 U.S.C.A., supra, an imprisonment penalty cannot be imposed except in those cases where a second offense has not only been committed, but where the indictment or information charges the fact.