**UNITED STATES of America,**
**Plaintiff,**

v.

**STELLA D'ORO BISCUIT CO., Inc., a**
**corporation, et al., Defendants.**

United States District Court
S. D. New York.

July 25, 1956.

Paul W. Williams, U. S. Atty. for the Southern District of New York, New York City, Wellington A. Newcomb, Asst. U. S. Atty., New York City, of counsel, for plaintiff.

Morris K. Siegel, New York City, for defendants.

LEVET, District Judge.

The above-named corporate defendant, Stella D'Oro Biscuit Co., Inc., was held guilty after a jury trial under an indictment for violation of the Federal Food, Drug and Cosmetic Act, Title 21 U.S.C.A. §§ 331(a), 333(a), 342(a) (3) and 342(a) (4). This defendant had been previously convicted for the same offense on February 5, 1951 in the same court, which conviction became final before any of the current violations of said Act were committed by this defendant as alleged in the indictment and in which conviction resulted.

The procedural background of this case is as follows:

(1) On February 28, 1956, the Grand Jury voted an indictment of five counts against the corporate defendant, Stèlla D'Oro Biscuit Co., Inc., for violation of Title 21 U.S.C.A. §§ 331(a), 333(a), 342(a) (3) and 342(a) (4). (The first count was subsequently withdrawn.)

(2) An information alleging the previous conviction of this corporate defendant for violation of Section 331 of Title 21 U.S.C.A. on February 5, 1951 was filed in this court in March 1956 and notices were sent to the corporation to appear for pleading to the indictment of February 28, 1956 and to plead to the aforesaid information charging a prior conviction for the same offense. Pleas of not guilty were entered.

(3) On June 14, 1956, the jury returned a verdict of guilty on counts 2, 3, 4 and 5 of this indictment against the corporate defendant, Stella D'Oro Biscuit Co., Inc. At this time a motion was made by the defendant to preclude sentence as a previous offender under Section 333(a) of Title 21 U.S.C.A., which reads as follows:

"Any person who violates any of the provisions of section 331 shall be guilty of a misdemeanor and shall on conviction thereof be subject to imprisonment for not more than one year, or a fine of not more than $1,000, or both such imprisonment and fine; but if the violation is committed after a conviction of such person under this section has become final such person shall be subject to imprisonment for not more three years, or a fine of not more than $10,000, or both such imprisonment and fine."

(4) At the time of the making of this motion, the Court denied the defendant's motion to limit the sentence to that of a first offender. After admission by the corporate defendant of the fact of the prior conviction, the time thereof and the identity of the defendant, the defendant was sentenced to a fine of $3,000 on each of the four counts on which the jury had found it guilty. The Court then indicated its reasons, but stated that an opinion would be filed.

This motion was made upon the ground that the indictment did not contain the allegation or averment of the previous conviction and that, therefore, the punishment under this section must be no more than a $1,000 fine. The defendant further contended that it is a fundamental principle of criminal law that in a prosecution under a statute imposing a greater punishment for a second offense than for a first offense, the fact that the offense charged is a second violation must be directly averred in the indictment in order to justify a sentence as a second offender.

To sustain such a position the defendant has cited the following cases: United States v. Berkowitz, D.C.W.D.Mo., 1942, 45 F.Supp. 564; United States ex rel. Manchbach v. Moore, D.C., 2 F. 2d 988; Olivito v. United States, 9 Cir., 1933, 67 F.2d 564; United States v. Modern Reed & Rattan Co., 2 Cir., 1948, 159 F.2d 656, certiorari denied 331 U.S. 831, 67 S.Ct. 1510, 91 L.Ed. 1845. However, all of the aforesaid cases were decided before the adoption of the Federal Rules of Criminal Procedure, 18 U.S.C. A. None of them involved cases where the practice followed here had obtained.

Olivito v. United States, 9 Cir., 1933, 67 F.2d 565, involved certain statutes under the National Prohibition Act concerning sentences where a defendant had allegedly been engaged in habitual violations. In that case the defendant had been convicted in a City Court for possession of intoxicating liquor. The Court said: "There was not a scintilla of evidence to prove habitual violation by defendant, since the former acts were too remote and were not prosecuted under the National Prohibition Act." at page 565. In the present case at bar, the record shows notice of previous conviction and an admission thereof, all before sentence was imposed.

United States ex rel, Manchbach v. Moore, D.C., 2 F.2d 988, also involved the National Prohibition Act. Section 29 of said Act, 27 U.S.C.A. § 46, provided as follows:

"Any person * * * shall be fined for a first offense not more than $500; for a second offense not less than $100 nor more than $1,000, or be imprisoned not more than ninety days; for any subsequent offense he shall be fined not less than $500 and be imprisoned not less than three months nor more than two years."

In the Manchbach case, supra, the defendant had pleaded guilty but no notice had been served by virtue of the indictment or otherwise that there had been previous convictions. In this case, on the other hand, the defendant, Stella D'Oro Biscuit Co., Inc., received timely notice of the previous conviction.

United States v. Berkowitz, D.C.W. D.Mo., 1942, 45 F.Supp. 564, 565, involved Title 29 U.S.C.A. § 216(a), Fair Labor Standards Act, which reads as follows:

"Any person who willfully violates any of the provisions of section 215 of this title shall upon conviction thereof be subject to a fine of not more than $10,000, or to imprisonment for not more than six months, or both. No person shall be imprisoned under this subsection except for an offense committed after the conviction of such person for a prior offense under this subsection."

The Court then held that under the above-mentioned statute, "an imprisonment penalty cannot be imposed except in those cases where a second offense has not only been committed, but where the indictment *or information* charges the fact." (Emphasis added.) Manifestly, the information in the case at bar expressly charged the defendant with having been previously convicted of the offense alleged in the indictment.

Under the Narcotics Law, 26 U.S.C.A. § 7237, the statute provides in part as follows:

"After conviction, but prior to pronouncement of sentence, the court shall be advised by the United States attorney whether the conviction is the offender's first or a subsequent offense. If it is not a first offense, the United States attorney shall file an information setting forth the prior convictions. The offender shall have the opportunity in open court to affirm or deny that he is identical with the person previously convicted. If he denies the identity, sentence shall be postponed for such time as to permit a trial before a jury on the sole issue of the offender's identity with the person previously convicted. If the offender is found by the jury to be the person previously convicted, or if he acknowledges that he is such person, he shall be sentenced as prescribed in this subsection."

This procedure in substance was followed by the United States Attorney in this case. The defendant contended that there was no authority to follow such method since the procedure was not directed by statute in the Federal Food, Drug and Cosmetic Act. However, the legislation authorizing that procedure is indicative that the Congress considered that method sufficient for due process.

United States v. Modern Reed & Rattan Co., Inc., 2 Cir., 1947, 159 F.2d 656,

involved the Fair Labor Standards Act of 1938, Title 29 U.S.C.A. §§ 201, 207 et seq. Previous convictions and sentences were placed before the jury. This was held error. Judge Chase wrote:

"They were charged with specific violations of the statute and were entitled to be tried only for those offenses and upon nothing but competent evidence. Boyd v. United States, 142 U.S. 450, 12 S.Ct. 292, 35 L.Ed. 1077. The general rule applicable to them is that evidence of the commission of a wholly separate and independent crime even though of the same nature is not admissible. Kempe v. United States, 8 Cir., 151 F.2d 680; Fabacher v. United States, 5 Cir., 20 F.2d 736. Sound policy in the administration of the criminal law underlies this well established principle and little is to be gained by pointing out that its exclusion can hardly be justified on the ground of irrelevancy. Nor should we fail to notice a plain error so far reaching because no objection was taken. Wiborg v. United States, 163 U.S. 632, 16 S.Ct. 1127, 41 L.Ed. 289; United States v. Atkinson, 297 U.S. 157, 56 S.Ct. 391, 80 L.Ed. 555; Gomila v. United States, 5 Cir., 146 F.2d 372." at page 658.

Moreover, in the Modern Reed & Rattan Co., case, supra, Judge Chase points out that under the provisions of the National Prohibition Act, Title 27 U.S.C.A. § 46, the Act contained a specific requirement that former convictions be alleged in the indictment. The provision was: "It shall be the duty of the prosecuting officer to ascertain whether the defendant has been previously convicted and to plead the prior conviction in the affidavit, information, or indictment." See Singer v. United States, 3 Cir., 1922, 278 F. 415, certiorari denied 1922, 258 U.S. 620, 42 S.Ct. 272, 66 L.Ed. 795.

It is apparent that various methods are now followed in respect to the allegation of previous convictions. See 42 C.J.S., Indictments and Informations, § 145, p. 1057:

(1) Averment of the prior conviction in the indictment, with the resulting prejudice to the substantive offense currently charged. 42 C.J.S., Indictments and Informations, § 145, p. 1057.

(2) Under certain statutes the question of prior conviction and identity is submitted to the jury only after conviction of the current offense. 42 C.J.S., Indictments and Informations, § 145, p. 1057.

(3) Even in the absence of statutory regulation, alleging the prior conviction in the indictment for the current offense, and advising accused thereof but withholding from the jury that portion of the indictment charging the previous conviction until after accused shall have been convicted of this currently charged offense. 42 C.J.S., Indictments and Informations, § 145, p. 1058.

(4) By a proceeding supplementary to the original or main proceeding brought after conviction and before sentence. This method has been declared fairer to the accused in that it does not prejudice him in the eyes of the jury by showing his previous conviction. See 42 C.J.S., Indictments and Informations, § 145, p. 1067; State v. Smith, 128 Or. 515, 273 P. 323; State v. Domanski, 9 Wash. 2d 519, 115 P.2d 729.

There is nothing in the Federal Rules of Criminal Procedure which requires pleading of a prior conviction in an indictment. Rule 7 ("The Indictment and the Information") contains no requirement of such pleading. Subdivision (c) of Rule 7 reads in part as follows:

"The indictment * * * shall be a plain, concise and definite written statement of the essential facts constituting the offense charged."

Rule 2 ("Purpose and Construction") states:

"These rules are intended to provide for the just determination of every criminal proceeding. They shall be construed to secure simplicity in procedure, fairness in ad-

ministration and the elimination of unjustifiable expense and delay."

Concerning the Federal Rules of Criminal Procedure, it has been said:

"* * * Adjudication on the merits should be the motivating policy in determining rights rather than technicalities of procedure or form." United States v. Claus, D.C.E.D. N.Y., 1946, 5 F.R.D. 278, 280.

"The criminal rules were designed to simplify existing procedure and to eliminate outmoded technicalities of centuries gone by." United States v. Bickford, 9 Cir., 1948, 168 F.2d 26, 27.

" 'The Federal Rules of Criminal Procedure 18 U.S.C.A., were designed to eliminate technicalities in criminal pleading and are to be construed to secure simplicity in procedure.' " United States v. American Stevedores, Inc., D.C.S.D.N.Y., 1954, 16 F.R.D. 164, 167–168.

The adoption of the Federal Rules of Criminal Procedure was authorized on June 25, 1948. See Title 18 U.S.C.A. §§ 3771, 3772. "All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect." 18 U.S.C.A. § 3771.

It should be noted that the indictment here includes a plain reference to Section 333(a), which contains the provision reading:

"* * * if the violation is committed after a conviction of such person under this section has become final such person shall be subject to imprisonment for not more than three years, or a fine of not more than $10,000, or both such imprisonment and fine."

As stated by Judge Crane in People v. Gowasky, 244 N.Y. 451, 455, 155 N.E. 737, 739, 58 A.L.R. 9, the earlier decisions of the New York Courts, such as People v. Sickles, 156 N.Y. 541, 51 N.E. 288, had held that the People must not only allege in the indictment the previous convictions, but must also prove them on the trial in order to convict the defendant as a second offender. But he also went on to say: "This was due to our *statutory provisions* and the practice which had grown up under them." (Emphasis added.) Judge Crane also said:

"The English practice referred to first found embodiment in the statute of 5 and 6 William IV, C. 111, as stated in Regina v. Shrimpton (3 Car. & Kir.Rep. 373). Thereafter, previous convictions could not be proved before the jury until after the new charge had first been disposed of. The previous practice of proving old offenses on the trial of the new charge was thought likely to prejudice the prisoner. See, also, Regina v. Shuttleworth, 3 Car. & Kir.Rep. 375." 244 N.Y. at page 456, 155 N.E. at page 739.

It appears in fact that prior to July 1, 1926 (when Section 1943 of the Penal Law, McK.Consol.Laws, c. 40 went into effect), the practice in New York permitted determination even after sentence as to prior convictions. See People ex rel. Taylor v. Jennings, 134 Misc. 586, 589, 236 N.Y.S. 161. In People of United States ex rel. Wisniewski v. Hunt, D.C. W.D.N.Y., 1941, 36 F.Supp. 774, Judge Knight, in approving the practice set forth in Section 1943, wrote:

"* * * As was said in People ex rel. Taylor v. Jennings, 134 Misc. 586, 236 N.Y.S. 161, 163: 'It (Section 1943) did not change the method of procedure from that which had previously existed. It did, however, add to the statute another method of procedure. A district attorney now has, as he then had, the right to elect whether to accuse the defendant, charged in an indictment with the commission of a felony, with being a second offender, or whether to indict the accused as a first offender, and, if a conviction was secured, then upon his sentence to determine, either by his own admission, or by trial, whether or not he had been previously convicted of a felony in this state. Either method of procedure reached the same conclusion,

and the district attorney had the right to make his election as to which course he would pursue.' " 36 F.Supp. at page 774.

Whatever the practice in the State Courts of New York was prior to 1926, Section 1943 of the Penal Law contained the provisions set forth in the footnote.[1] The Judges of the New York Courts have condemned as unfair and prejudicial the procedure of alleging prior convictions in the indictment. In a dissenting opinion in People v. DeSantis, 305 N.Y. 44, 110 N.E.2d 549, Judge Fuld said:

> "Patently unfair, unquestionably prejudicial, the practice of charging a defendant as a prior felony offender in the indictment and permitting proof thereof at the trial, should be condemned and outlawed." 305 N.Y. at page 47, 110 N.E.2d at page 550.

In People v. Sickles, 156 N.Y. 541, 51 N.E. 288, 291, Judge Edward T. Bartlett in a dissent wrote:

> "It is the boast of the common law that every accused person is presumed to be innocent until proven guilty, and we have made this presumption a part of our criminal procedure. Code Cr.Proc. § 389."

And in the same case in the Appellate Division, 26 App.Div. 470, 50 N.Y.S. 377, Judge Woodward in a dissenting opinion remarked:

> "But when there is no *issue before the jury to be tried, except the question of the subsequent crime*, it is manifestly improper to introduce evidence as to a specific fact in the history of the prisoner, which can have no other effect than to destroy the presumption of innocence to which he is entitled, and which establishes a character and a disposition to crime." 26 App.Div. at page 480, 50 N.Y.S. at page 384.

In People v. Gowasky, 244 N.Y. 451, 155 N.E. 737, Judge Crane, speaking of the practice under Section 1943 of the New York Penal Law, commented:

> " * * * Previous convictions need not be alleged in the indictment, nor proved upon the trial of the new charge. This, to me, seems eminently fair to any prisoner. When he is charged and tried for a crime, his previous record may not be used to influence the jury to convict him of that crime. The proof against him is to be the same as if he were a first offender, unless pos-

---

1. *"Procedure relating to resentencing*

"If at any time, either after sentence or conviction, it shall appear that a person convicted of a felony has previously been convicted of crimes as set forth either in section nineteen hundred and forty-one or nineteen hundred and forty-two, it shall be the duty of the district attorney of the county in which such conviction was had to file an information accusing the said person of such previous convictions. Whereupon, the court in which such conviction was had shall cause the said person, whether confined in prison or otherwise, to be brought before it and shall inform him of the allegations contained in such information and of his right to be tried as to the truth thereof according to law, and shall require such offender to say whether he is the same person as charged in such information or not. If he says he is not the same person or refuses to answer, or remains silent, his plea, or the fact of his silence, shall be entered of record and a jury shall be empanelled to inquire whether the

offender is the same person mentioned in the several records as set forth in such information. If the jury finds that he is the same person or if he acknowledges or confesses in open court, after being duly cautioned as to his rights, that he is the same person, the court shall sentence him to the punishment prescribed in said sections nineteen hundred and forty-one and nineteen hundred and forty-two, as the case may be, and shall vacate the previous sentence, deducting from the new sentence all time actually served on the sentence so vacated. Whenever it shall become known to any warden or prison, probation, parole, or police officer or other peace officer that any person charged with or convicted of a felony has been previously convicted within the meaning of said sections nineteen hundred and forty-one or nineteen hundred and forty-two, it shall become his duty forthwith to report the facts to the district attorney of the county. Added L. 1926, c. 457, § 3, eff. July 1, 1926."

sibly he takes the stand. But, when he is convicted, then comes the question of his sentence, and he is no longer to be treated as a first offender. He may then for the first time be confronted with his record, and sentenced to a severer punishment, as he should be, if it turns out that he has previously transgressed the law. The old practice is still permissible. The indictment, as formerly, may plead the prior convictions, and proof of them may be given at the trial under such pleading, but it is no longer necessary. The indictment may charge only the new offense for which the prisoner is to be tried. On the trial the people will not, and cannot, offer as part of their case previous convictions. When, however, the trial is over, and the defendant stands convicted, then the previous record must be considered in determining the sentence." 244 N.Y. at page 460, 155 N.E. at page 740.

Under this statute, Section 333(a), the first offense is not an element of or included in the second, but is simply a fact in the past history of the criminal which the law takes into consideration when prescribing punishment for the second offense. As stated by Judge Crane in People v. Gowasky, supra:

" * * * Prior convictions logically and in fact have little or nothing to do with proof of the defendant's guilt of a new crime. A man is not guilty of breaking the law merely because he has broken it before; but, when the proof shows him to be guilty, then his past acts have much to do with the way he should be treated. The punishment for the second offense is increased because of his apparent persistence in the perpetration of crime and his indifference to the laws which keep society together. * * *" 244 N.Y. at page 460, 155 N.E. at page 740.

Judge Bartlett in People v. Sickles, 156 N.Y. 541, 51 N.E. 288, wrote:

" * * * the fact of a first conviction does not become material until after the second conviction, and then only for the purpose of enabling the trial judge to impose the proper term of imprisonment." 156 N.Y. at page 550, 51 N.E. at page 291.

Both the Fair Labor Standards Act of 1938 and the Federal Food, Drug and Cosmetic Act were passed by the 75th Congress on the same day, June 25, 1938. See 52 Stat. 1040 and 1060. Neither Section 16(a) of the Fair Labor Standards Act, 29 U.S.C.A. § 216(a) nor Section 303(a) of the Federal Food, Drug and Cosmetic Act, 21 U.S.C.A. § 333(a), contains any provision directing the prosecutor to plead a previous offense. Indeed, the trend of legislation is expressly away from any such provision as that in the National Prohibition Act. Section 174 of Title 21 U.S.C.A., in providing for increased penalties for narcotics offenders, directs the United States Attorney to inform the Court of a defendant's previous narcotics convictions *after* the conviction at bar is obtained. If there are such previous convictions, the United States Attorney is directed to set them forth in an information. Section 174 of Title 21 was passed in its present form on November 2, 1951, 65 Stat. 767.

Section 333(a) of the Federal Food, Drug and Cosmetic Act does not make a previous conviction an element of the offense. It concerns punishment only. From the rationale of the Modern Reed & Rattan case, supra, and from fundamental elements of procedural justice, it does not appear that the Government should be criticized for its failure to ask the Grand Jury to include the previous offense as part of its indictment of the current offense or for failure to place before the trial jury the allegation of the prior conviction. Here, the defendant has had its basic rights of due process preserved: (1) It has been heard in the determination of the current offense without the stigma of a prior conviction being put before the trial jury; (2) It has had notice of the prior conviction before pleading to and trial of the current

offense; and (3) It has had the opportunity to deny the allegation or information of the prior offense, with a trial available as to that feature if it sought it.

The procedure followed was approved by the United States Supreme Court in the case of Graham v. West Virginia, 1912, 224 U.S. 616, 32 S.Ct. 583, 56 L. Ed. 917. There, the defendant was tried upon an indictment not alleging the previous convictions. He was found guilty. Thereafter, he was tried upon an information in which the issue involved his identity with a person charged with having committed previous crimes. He was found to be the same individual, and under the provisions of the West Virginia law, was thereupon sentenced to life imprisonment. The defendant contended that the procedure was contrary to the provisions of the Fourteenth Amendment. In rejecting this view, Justice Hughes wrote:

"* * * While it is familiar practice to set forth in the indictment the fact of prior conviction of another offense, and to submit to the jury the evidence upon that issue, together with that relating to the commission of the crime which the indictment charges, still in its nature it is a distinct issue, and it may appropriately be the subject of separate determination. Provision for a separate and subsequent determination of his identity with the former convict has not been regarded as a deprivation of any fundamental right." 224 U.S. at page 625, 32 S.Ct. at page 586.

"Nor is there any reason why such a proceeding should not be prosecuted upon an information presented by a competent public officer on his oath of office. There is no occasion for an indictment. To repeat, the inquiry is not into the commis-sion of an offense; as to this, indictment has already been found and the accused convicted. There remains simply the question as to the fact of previous conviction. And it cannot be contended that in proceeding by information instead of by indictment, there is any violation of the requirement of due process of law." 224 U.S. at pages 626–627, 32 S.Ct. at page 587.

There is no direction, implied or expressed, in Section 333(a) of Title 21 U.S.C.A. that requires the allegation of a previous conviction in the indictment. In view of the fact that Congress in the National Prohibition Act directed such a prior conviction to be pleaded, this would clearly indicate that Congress did not intend to require such a procedure as that sought by the defendant in this case. Section 333(a) clearly deals only with punishment.

It, therefore, appears from the foregoing that:

(1) There is no requirement under the Federal Rules of Criminal Procedure that the previous conviction be set forth in the indictment;

(2) The Federal Food, Drug, and Cosmetic Act does not require the use of such procedure;

(3) Such a practice is prejudicial to the defendant;

(4) The present trend is toward the method used here by the United States Attorney;

(5) Due process has been fully observed;

(6) Modern criminal procedure should permit and does permit the use of the practice here followed where there is no authority that forbids.

For the reasons as herein set forth, defendant's motion to limit the sentence imposed upon it to that of a first offender was denied.